## INDIANAPOLIS & MARTINSVILLE RAPID TRANSIT COMPANY *v.* EDWARDS.

[No. 5,235. Filed May 23, 1905. Rehearing denied October 5, 1905.]

1. NEW TRIAL.—*Cumulative Evidence.—Interurban Railroads.*— Where defendant, in an action against an interurban railroad company for negligence in starting its car as plaintiff was alighting, asks for a new trial on the ground of newly-discovered evidence, and the only new evidence which was not cumulative was that plaintiff had a child with her, a new trial will not be granted.  p. 203.

2. TRIAL.—*Instructions.—Negligence.—Contributing "Materially" to Injury.—Words and Phrases.*—An instruction, in a personal injury case, stating that plaintiff should recover if her injuries were a proximate result of defendant's negligence unless she contributed thereto "materially" by negligence on her part, is not incorrect, "material" being defined as having influence or effect.  p. 205.

3. SAME.—*Instructions.—Interurban Railroads.—Alighting from Moving Car.*—Defendant interurban railroad company can not complain of an instruction in a personal injury case, that plaintiff can not recover if her injury was received while alighting from a moving car.  p. 207.

From Morgan Circuit Court; *John C. Robinson,* Judge *pro tem.*

Action by Mary E. Edwards against the Indianapolis & Martinsville Rapid Transit Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Renner & McNutt* and *Charles O. Roemler,* for appellant.
*Wilson S. Doan, Charles J. Orbison* and *Oscar Matthews,* for appellee.

Comstock, C. J.—Appellee recovered judgment in the court below against appellant in the sum of $2,500 for personal injuries alleged to have been received by her on the 25th day of July, 1903, by reason of having been negligently thrown from the platform of one of appellant's cars on Jefferson street, in the town of Mooresville.

Appellant assigns as error the action of the court in overruling its motion for a new trial. The grounds for a new trial argued are newly-discovered evidence, and the giving of instructions three, six and sixteen by the court of its own motion.

The act of negligence charged in the complaint is "that defendant negligently started said car when plaintiff was in the act of stepping from the rear platform thereof onto the steps of said car, and, by reason of said starting, this defendant negligently threw this plaintiff with great force and violence against the corner of said car and onto the ground," etc.

The newly-discovered evidence is that of Clyde Olleman, and is set out in his affidavit substantially as follows:

"Clyde Olleman, being duly sworn, upon his oath says: That he is sixteen years of age; that he was a passenger on the car of the Indianapolis & Martinsville Rapid Transit Company which arrived at Mooresville from Bethany Park at 10 or 11 o'clock p. m., July 25, 1903; that he rode on the rear platform of said car all the way, and that he heard the conductor in charge of said car, after

leaving the power-house, say that he would not stop again until Indiana avenue was reached; that George Keller asked the conductor to stop the car at Jefferson street, and the car was stopped there; that Mr. and Mrs. Keller got off the car, and very soon thereafter the car started; that when the car started he saw Mary E. Edwards coming out of the rear door of the car, and she continued to go out of the car onto the platform and on down the steps of the car, and when he last saw her she was on the bottom step of the car and her boy was at her side and affiant thinks she had hold of him. The car started slowly, and moved slowly, and had gone ten or twelve feet from the time it started until he last saw Mrs. Edwards. When he saw her on the bottom step of the car he turned his eyes into the car, and did not see her fall," etc. Three witnesses—Ernest Krug, Carrie B. Keller and Delphia Carpenter—testified upon the trial to the movements of appellee, as far as they were able, from the time she got up from her seat until she left the car. But one of these witnesses—Carrie B. Keller—testified to having seen appellee step or fall off of the car. She fixed the distance from the point where she got off the car and where the plaintiff fell at from four to five feet. In his affidavit Olleman says he saw appellee come out of the rear door of the car onto the platform, and on down the steps of the car, and when she was on the bottom step her boy was at her side. Affiant thought she had hold of him. He says that the car started slowly, and when he last saw her she was on the bottom step of the car. He did not see her fall. The only facts set out in the affidavit not testified to by some witness for appellant was the fact that appellee's boy was with her. In effect, counsel for appellant concede this, but argue that "it would be much more dangerous to undertake to alight from a street car, while the same was in motion, having hold of a child, than if the person had no such burden, and this is especially so in the case of a woman." So far as the presence of the child could affect

MAY TERM, 1905. 205

Indianapolis, etc., Transit Co. *v.* Edwards—36 Ind. App. 202.

the result, it could not have been material, for the court instructed the jury that it was contributory negligence, sufficient to bar recovery, if the appellee attempted to get off the car when it was moving. Apart from this consideration, the new evidence only sought to show the movement of appellee immediately preceding her leaving the car. It was evidence of the same kind and to the same point as that introduced on the trial, and was therefore cumulative. 1 Greenleaf, Evidence, §2; *Hines* v. *Driver* (1885), 100 Ind. 315; *Offutt* v. *Gowdy* (1897), 18 Ind. App. 602; *Eddingfield* v. *State, ex rel.* (1895), 12 Ind. App. 312.

A new trial will not be granted on account of newly-discovered evidence which is merely cumulative. *Remy* v. *Lilly* (1899), 22 Ind. App. 109, and cases cited.

The witnesses introduced by appellant were certainly in a position to notice the presence of appellee's child, but they were not interrogated upon the subject.

It is earnestly argued by counsel for appellee that proper diligence was not shown to secure said new evidence. As the newly-discovered evidence was cumulative, we need not decide whether proper diligence was used to secure it.

The objection made to the third, sixth and sixteenth instructions is the use of the word "materially" in each of them. Counsel for appellant claim that the plaintiff must have been free from negligence contributing in any degree to the injury complained of, and that the use of the word "materially" in the instructions was calculated to mislead the jury. Instruction three will serve as an illustration of the use of the word complained of. It is as follows: "Negligence is the breach of some duty which a person owes to another, and where such breach of duty causes injury to such other person as a proximate result thereof, then such negligence is actionable, and the injured person may recover damages therefor, provided he himself did not contribute thereto materially by negligence on his part." In Black's Law Dictionary "material" is

defined as follows: "Important; more or less necessary; having influence or effect; going to the merits; having to do with matter as distinguished from form." Anderson's Law Dictionary thus defines "material:" "Of the substance; essential; important." Negligence which does not have some influence or effect upon the transaction resulting in an injury would not bar the recovery on the ground of contributory negligence.

*Citizens St. R. Co.* v. *Twiname* (1887), 111 Ind. 587, is directly in point. An exception was taken to an instruction given by the trial court in which the word "materially" was used as qualifying the negligence of the plaintiff. The court says: "But the point is also made that the court erred in the concluding part of its fourth instruction in limiting what ought to be considered as contributory negligence to such negligence as may have directly and materially contributed to the infliction of the injuries complained of. This point is based upon the alleged ground that so high a degree of contributory negligence is not required to defeat an action like the one under consideration. Beach, in his work on Contributory Negligence, page 7, says: 'Contributory negligence, in its legal signification is such an act or omission on the part of a plaintiff, amounting to the want of ordinary care, as, concurring or coöperating with the negligent act of the defendant, is a proximate cause or occasion of the injury complained of. To constitute contributory negligence there must be a want of ordinary care on the part of the plaintiff, and a proximate connection between that and the injury.' To make such a want of care a proximate cause of an injury, it must, according to this well-considered definition, contribute directly and materially to the infliction of the injury. To constitute it a proximate cause it must, in the nature of things, have some direct and material relation to the injury, and such has been our construction as to the degree of contributory negligence necessary to defeat an action like this. *Toledo, etc.,*

*R. Co.* v. *Goddard* [1865], 25 Ind. 185; *Pennsylvania Co.* v. *Sinclair* [1878], 62 Ind. 301."

In *Indianapolis, etc., R. Co.* v. *Wright* (1864), 22 Ind. 376, the following language is used: "It is pretty hard to settle upon any set formula of words that will in every case, that may arise, show the nonliability of a defendant because of the acts of the plaintiff in regard to the same injurious act. When there is mutual negligence, if the defendant can not avoid the accident by reasonable care and skill, we suppose the plaintiff can not recover; also where the negligence of the plaintiff is proximate, and directly and materially contributes to the result, and the defendant can not by ordinary care avoid the accident." Counsel for appellant cite cases from other states that seem to sustain their position, but in this jurisdiction the question is settled adversely to appellant's claim.

It appears from the record that the only act of contributory negligence on the part of the appellee upon which defendant relied was her alleged attempt to get off

3. the car after it started to move. The court instructed the jury, as to this specific act of negligence, that, if she received her injury while attempting to get off the car while it was in motion, she could not recover. Appellant had no cause to complain of this instruction, nor could the jury have been misled by the instruction given, to the prejudice of the appellant.

Judgment affirmed.