# Indianapolis Traction and Terminal Company *v.* Crawley.

[No. 7,322. Filed November 15, 1911. Rehearing denied June 6, 1912. Transfer denied November 8, 1912.]

1. Negligence. — *Proximate Cause.* — *Contributory Negligence.* — Where the right to recover is predicated on the negligence of defendant, such negligence must be shown to be the proximate cause of the injury in order to sustain a verdict for plaintiff, and, if plaintiff's negligence or want of care contributed in any way to the injury, there can be no recovery, although the negligence of defendant is conceded. p. 362.

2. Negligence.—*Contributory Negligence.—Question for Jury.*— Contributory negligence is a question of fact for the jury, unless the facts in evidence are undisputed, or are such that only a single inference can be drawn therefrom, in which event it becomes a question of law for the court. p. 362.

3. Negligence.—*Contributory Negligence.—Knowledge of Danger.* —*Care Required.*—One who is employed in a place of danger must use his senses, exercise his reasoning faculties, and do all that a careful and prudent man would do under the circumstances to avoid injury, and if his employment is such as to give rise to noises, whereby he is deprived of the sense of hearing, greater precautions must be taken to avoid injury than would otherwise be necessary. p. 362.

4. Street Railroads.—*Injury to Persons on Tracks.—Contributory Negligence.—Question for Jury.*—Where plaintiff, who was struck by defendant's street-car, while he was engaged in cleaning a street, could not hear the approach of the car on account

358    APPELLATE COURT OF INDIANA.

Indianapolis Traction, etc., Co. *v.* Crawley—51 Ind. App. 357.

of the noise he caused by pushing his shovel pan, and, while traveling slowly for a distance of from fifty to one hundred feet in the performance of his work, failed to look for the approach of cars, although knowing that cars were constantly run over the tracks and that the noise he was making would interfere with his hearing their approach, the question of whether his failure to observe the approach of the car, was such contributory negligence as would be the proximate cause of the injury, was for the jury. p. 363.

5. STREET RAILROADS.—*Injury to Persons on Tracks.*—*Duty to Avoid Injury.*—Where one is engaged in cleaning a street upon which street-cars are operated, the duty of avoiding a collision rests equally upon him and upon those operating such cars, and while he has a right to go upon the tracks for the purpose of cleaning the street, such right must yield to the right of the company to run its cars over such tracks. p. 364.

From Hamilton Circuit Court; *Ira W. Christian,* Judge.

Action by Charles W. Crawley against the Indianapolis Traction and Terminal Company. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*F. Winter, Kane & Kane,* and *W. H. Latta,* for appellant. *M. M. Bachelder,* for appellee.

ADAMS, J.—Appellee was injured on April 6, 1908, by being struck by a street-car operated by appellant. At the time of his injury, appellee was a street cleaner in the employ of the city of Indianapolis, and was engaged in cleaning that part of Central avenue near Thirty-third street, lying between the west rail of the car tracks and the west curb of the paved street. In the performance of his work, appellee used a steel shovel pan, about eighteen inches wide, with a wooden handle six feet long. This pan he pushed along the paved street until filled, when he emptied it at the curb.

It is charged in the complaint that the motorman operating the car ran it at a speed of about twenty miles an hour; that he did see, or, by the use of due diligence, could have seen plaintiff for a distance of three or four squares, but that he carelessly operated said car southward on the west

track at the same rate of speed, without giving any signal or warning, and knowing that plaintiff was not aware of the approach of the car; that by virtue of the carelessness and negligence of defendant, and its motorman the plaintiff was struck and injured. As appellant does not seriously question the complaint, and as we think it clearly states a cause of action, it is not necessary to set out the complaint in greater detail.

The issue was made by an answer in denial, and the cause was submitted to a jury, resulting in a verdict for appellee. Motion for a new trial was overruled, and judgment rendered on the verdict. The only error assigned and argued is that the court erred in overruling appellant's motion for a new trial.

The account of the injury, as given by appellee on the witness-stand, is, that on the morning of his injury he had started to clean the paved part of Central avenue, west of the car tracks, at Thirty-fourth street; that he pushed his pan southward from Thirty-fourth street about 300 feet, when he emptied it at the curb; that he then returned and continued to push the pan along the side of the west track; that he had his left foot on the west rail of the track as he proceeded southward; that when he entered on the track he looked north, and there was no car coming; that there was nothing to obscure his view for a distance of 300 or 400 feet; that the pan was making a noise, the pavement was rough, and he could only proceed slowly; that he did not see and did not hear the car approaching, and did not hear any gong or other warning; that at the time he had good eyesight and good hearing; that he had filled his pan and was in the act of turning the same to the curb when he was injured; that he was struck on the right side, when his face was practically to the west; that he was struck by the front of the car, but was not struck by the guard; that the handle of the shovel was about at his waist line, and projected beyond his body probably six inches.

The view of the case taken by appellant is that appellee, as the car approached, was not standing in such close proximity to the track as to be struck by the car until after the front end passed, and that in turning to the west he brought the handle of his shovel in contact with the middle of the car, which resulted in his injury. This view is supported by the physical fact that appellee was not struck by the fender or guard, which, the evidence shows, was the same width as the car. If appellee had been standing on the track, or near enough to the track to be struck by the car, he would have been struck first by the fender. Appellee, however, insists that he was struck by the front end of the car, and this view is supported by the verdict of the jury.

Appellant earnestly insists that the fourth instruction tendered by appellee, and given by the court to the jury, is erroneous. This instruction is long, and is intended to cover the facts and the law of the case, according to the theory of appellee. After setting out the relative rights of the parties, the instruction proceeds: ''And I instruct you that if from the evidence you find that this plaintiff at said time of said injury was in the employ of the city of Indianapolis for the purpose of and engaged in cleaning the said street in question in said city and was employed for the purpose of cleaning all that part of said street which lies between the west edge of the west rail of the west tracks on said street and the west curb, and at the time of said injury was upon the west rail of said track, or so close thereto that a car passing thereon could not pass without striking him, and while in said position he was cleaning such part of said street as the city required him to clean, then I instruct you that the plaintiff had a right to be at said place at said time, and the rights of the street car company were not superior to the rights of said plaintiff at said time. And if you further find from the evidence that when the plaintiff entered upon said place he used the precaution and looked north for the purpose of ascertaining whether any street-cars were in sight

and that none were in sight, and there was an unobstructed view between him for a distance north of three hundred feet or more, and he then entered upon said track and continued southward pushing a steel pan shovel upon the brick and rail and adjacent pavement thereto, which shovel was making a noise, and that he did not hear any approaching cars or any gong sounded of any approaching car, then I instruct you that said plaintiff was not necessarily guilty of contributory negligence which would be a proximate cause of his injury, but that the question of such contributory negligence is for the jury. And under such circumstances it would be the duty upon defendant's motorman, if you find that he entered upon said street at said time with his car at a distance from 300 to 350 feet north of the said plaintiff and operated his car on the same track upon which the plaintiff was working, and in the direction towards plaintiff, to use ordinary care for the purpose of determining whether or not the plaintiff was upon said track or was in such proximity to said track that plaintiff would be struck by said car by attempting to propel said car past plaintiff. And if under such circumstances you find that said motorman had an unobstructed view of said plaintiff at a distance of 300 feet or more away from him, and saw the plaintiff in such position or could have seen him by the use of due diligence, it was the duty of such motorman to take all due precautions to guard against inflicting any injury unnecessarily upon plaintiff. And it was his duty under such circumstances to keep such a control of his car and to sound such alarms as might be reasonably necessary to warn the plaintiff of the approaching danger; and under such circumstances said motorman would have no right to infer or presume that the said plaintiff would hear said car coming or know of its approach unless said alarms were given or approach made known. And should you find that said motorman failed to use such care for the purpose of notifying said plaintiff of the approach of said car, then I instruct you that it would be such negli-

362    APPELLATE COURT OF INDIANA.

Indianapolis Traction, etc., Co. v. Crawley—51 Ind. App. 357.

gence upon the part of the defendant as would make the defendant company liable for all injury and damage done to the plaintiff, because of such injury, as is alleged in plaintiff's complaint, unless you further find that the plaintiff at said time was guilty of contributory negligence approximating said injury; and it does not necessarily follow because the plaintiff did not use due care in looking around to see whether any car was coming or not that that fact would be such contributory negligence on the part of plaintiff that would be the proximate cause of the injury."

This being an action in which the right to recover is predicated on the negligence of defendant, such negligence must be shown by the evidence to be the proximate cause of

1. the injury, in order to sustain a verdict for plaintiff. But where the negligence of the defendant is conceded, there can be no recovery if the plaintiff's negligence or want of care contributed in any way to the injury complained of. *City of Indianapolis* v. *Cook* (1884), 99 Ind. 10, 11.

Contributory negligence is a question of fact for the jury, unless the facts in evidence are undisputed, or are such that only a single inference can be drawn therefrom, in

2. which event the question of contributory negligence becomes one of law for the court. *Korrady* v. *Lake Shore, etc., R. Co.* (1892), 131 Ind. 261, 263, 29 N. E. 1069; *Rogers* v. *Leyden* (1890), 127 Ind. 50, 57, 26 N. E. 210; *Indianapolis St. R. Co.* v. *O'Donnell* (1905), 35 Ind. App. 312, 316, 73 N. E. 163, 74 N. E. 253; *Louisville, etc., R. Co.* v. *Williams* (1898), 20 Ind. App. 576, 580, 51 N. E. 128; *Buehner Chair Co.* v. *Feulner* (1905), 164 Ind. 368, 372, 73 N. E. 816; *Indianapolis St. R. Co.* v. *Slifer* (1905), 35 Ind. App. 700, 705, 74 N. E. 19.

It is the duty of one employed in a place of danger to use his senses, to exercise his reasoning faculties, and to

3. do all that a careful and prudent man would do under the circumstances to avoid injury. And if the em-

ployment is such as to give rise to noises, whereby one is deprived of the protection of the sense of hearing, then greater precautions are to be taken to avoid injury than would otherwise be necessary. *Oleson* v. *Lake Shore, etc., R. Co.* (1896), 143 Ind. 405, 411, 42 N. E. 736, 32 L. R. A. 149.

Appellee, in the case at bar, could not hear the approaching car on account of the noise he was making in pushing his shovel pan. While traveling slowly for a distance of from fifty to one hundred feet, in the performance of his work, appellee did not look for the approach of cars, although he knew that cars were being constantly run over the tracks on or near which he was working, and that the noise he was making would interfere with his hearing the approach of the car. Under such circumstances, it was error for the court to instruct the jury that "it does not necessarily follow because the plaintiff did not use due care in looking around to see whether any car was coming or not that that fact would be such contributory negligence on the part of plaintiff that would be the proximate cause of the injury." The jury, being the exclusive judge of the facts, it was for it to say whether the failure to observe the approach of a car, under the circumstances, was such contributory negligence as would be the proximate cause of the injury. *Louisville, etc., R. Co.* v. *Kemper* (1899), 153 Ind. 618, 629, 53 N. E. 931.

The court having instructed the jury that the burden of showing contributory negligence was on defendant, such burden required defendant to show that plaintiff did not use due care, and for this purpose defendant offered evidence tending to prove that plaintiff was not injured in the manner complained of, but was injured by his own negligence, after the car had partially passed him. The instruction, however, amounted to a declaration that the failure to use due care was not necessarily negligence as a matter of law. This was the leading question in controversy, and having been deter-

mined by the court, there was little for the jury to pass on, except to assess the damages. The instruction was clearly an invasion of the right of the jury to consider the conduct of plaintiff in the determination of the question of contributory negligence.

Again, the instruction advised the jury that if plaintiff was in the employ of the city of Indianapolis, and engaged in the work of cleaning the street, over which defendant's tracks were laid, and that at the time of the injury he was on the track engaged in the work of his employment, or so near thereto that a car could not pass without striking him, "then I instruct you that the plaintiff had a right to be at said place at said time, and the rights of the street car company were not superior to the rights of said plaintiff at said time." This part of the instruction is, to say the least, confusing, and might easily be understood by the jury to mean that if plaintiff, in the discharge of the duties of his employment, was so near the track that a car could not pass without striking him, he had a right to remain in such place, notwithstanding the approach of the car. It might be inferred by the jury that the car had no right to proceed, except on the supposition that plaintiff would remain in the same position, and if the car did strike him, the act of the defendant's motorman would be a wilful wrong. There is no contention that the complaint in this case proceeds on the theory of a wilful injury. If plaintiff had a right to be at the place where he was at the time he was struck by the car, and the rights of the company were not superior to the rights of plaintiff at such time, it follows that plaintiff was not bound to anticipate any danger from the operation of cars on the track, and could not be held to be negligent in failing to use precaution to guard against being injured. This was not a proper statement of the measure of duty owing by the parties to each other. The duty to avoid a collision rests equally on each party, and while the right of appellee to be on the

tracks of appellant for the purpose of cleaning the street is undoubted, this right must yield to the right of appellant to run its cars over such tracks.

The fourth instruction was clearly erroneous, and was prejudicial to appellant. Other questions presented by the record and argued may not again arise, and hence are not considered.

The judgment is reversed, with directions to the trial court to sustain appellant's motion for a new trial, and for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 96 N. E. 392. See, also, under (1) 29 Cyc. 488, 507; (2) 29 Cyc. 628, 631; (3) 29 Cyc. 512; (4) 36 Cyc. 1622; (5) 36 Cyc. 1529. As to the duty one is charged with, on approaching a railroad track, to be watchful and prudent, see 20 Am. St. 114. As to the duty of a person working near street-car tracks to look out for his own safety, see 15 L. R. A. (N. S.) 282.