HUEY v. MILLIGAN.

[No. 30,112. Filed June 21, 1961. Rehearing denied September 20, 1961.]

*Homer Ingram,* of Newport, *N. George Nasser, Hansford C. Mann* and *Buena Chaney,* all of Terre Haute, for appellant.

*Dix, Dix, Patrick & Ratcliffe* and *Thomas M. Patrick,* both of Terre Haute, for appellee.

BOBBITT, J.—This case comes to us on petition to transfer from the Appellate Court under Acts 1933, ch. 151, §1, p. 800, being §4-215, Burns' 1946 Replacement. See: *Huey* v. *Milligan* (1960), 171 N. E. 2d 134, 172 N. E. 2d 871, for opinions of the Appellate Court.

Appellant brought this action for damages for personal injuries resulting from a collision between an automobile driven by her and one driven by appellee. Trial was by jury which returned a verdict for the defendant-appellee herein.

The determinative question here is presented by Specification No. 4(f) of appellant's motion for a new trial which alleges that the trial court committed an error of law by "giving and reading to the jury defendant's tendered instruction No. 3 over the specific written objection previously filed by the plaintiff . . ."

Among plaintiff-appellant's objections to the giving of such instruction is that it is "a mandatory instruction which orders the jury to return a verdict for the defendant if the plaintiff was guilty of any negligence which 'proximately contributed *in the slightest degree* to the collision.' " (Our italics.)

Appellant asserts that a negligent act of the plaintiff must be a substantial factor in, or materially contribute to, producing the injury of which complaint is made in order to constitute a proximate cause thereof.

Generally, the same test of causation is applied in determining whether the conduct of the plaintiff proximately contributed to the injury as is applied in determining whether the conduct of the defendant is the proximate cause of the injury. *Earle* v. *Porter* (1942), 112 Ind. App. 71, 78, 40 N. E. 2d 381 (Transfer denied) ; *Hedgecock* v. *Orlosky* (1942), 220 Ind. 390, 396, 44 N. E. 2d 93; *The Pennsylvania Company* v. *Gallentine* (1881), 77 Ind. 322, 328; *City of Michigan City* v. *Rudolph* (1938), 104 Ind. App. 643, 652, 12 N. E. 2d 970;

38 Am. Jur., Negligence, §213, p. 898; 21 I. L. E., Negligence, §88, p. 345; See also: Annotation, 102 A. L. R. at page 411.

Support for appellee's position here is based upon the approval of an instruction in *Bain, Admx.* v. *Mattmiller* (1938), 213 Ind. 549, 556, 13 N. E. 2d 712, 715, as follows:

> " 'If Charles Bain, plaintiff's decedent herein was guilty of *any negligence, no matter how slight,* which proximately contributed to the injury and death referred to in plaintiff's complaint, your verdict must be for the defendant.' " (Our italics.)

In sustaining such instruction this court, at page 556 of 213 Ind., said:

> "As we read this instruction it is in harmony with the law as stated in cases cited.[1] If the plaintiff was guilty of *any negligence,* no matter how slight, etc., [which proximately contributed to the injury] he cannot recover." (Our italics.)

There are no degrees of negligence in Indiana, and if the plaintiff in the present case was guilty of any negligence, however slight, and such negligence proximately contributed to her injury, she cannot recover.

We do not construe Instruction No. 3 herein as being similar to the instruction containing the words "guilty of any negligence, no matter how slight," involved in *Bain, Admx.* v. *Mattmiller, supra.*

After setting out the negligent act, the instruction in the present case states, "if . . . such negligence . . .

---

1. See also: *Union Traction Co.* v. *Berry Admr.* (1919), 188 Ind. 514, 121 N. E. 655, 124 N. E. 737, 32 A.L.R. 1171; *Midwest Motor Coach Co.* v. *Elliott* (1932), 95 Ind. App. 64, 182 N. E. 541.

proximately contributed *in the slightest* . . ." (Our italics.)

"In the slightest" here modifies "contributed" and refers to the causal relation between the plaintiff-appellant's negligence and the injury—and does not refer to or indicate a degree of negligence. There is only one degree of causal relation in Indiana, and that is proximate, direct or material.

We do not comprehend how plaintiff-appellant's negligence could proximately contribute "in the slightest" to her injury. If it is proximate, it is immediate and direct as opposed to remote, indirect or slight.

The appeal courts of this State have, from time to time, confused the rule pertaining to the question of negligence with that relating to the causation or the contribution of the negligent act of the plaintiff necessary to sustain a defense of contributory negligence.

Justice Cardozo recognized the distinction between negligence and causation when, in *Martin* v. *Herzog* (1920), 228 N. Y. 164, 126 N. E. 814, 816, he said:

"We must be on our guard, however, against confusing the question of negligence with that of the causal connection between the negligence and the injury. A defendant who travels without lights is not to pay damages for his fault, unless the absence of lights is the cause of the disaster. A plaintiff who travels without them is not to forfeit the right to damages, unless the absence of lights is at least a contributing cause of the disaster. To say that conduct is negligence is not to say that it is always contributory negligence."

In the hope of lending some clarification to this question, we shall attempt to distinguish those cases

which appear to lend support to appellee's position here.

A Lake Superior Court[2] case is one of two authorities cited in 2 Reid's Branson Instructions to Juries, 1960 Replacement, §341, p. 123, in support of an instruction containing the words "contributed proximately in the slightest degree to the cause of the collision." This unreported case furnishes no authority for the approval of such an instruction by this court.

*Livingston* v. *Rice* (1933), 96 Ind. App. 176, 184 N. E. 583, is the other authority cited for the same instruction. An examination of this case discloses that an instruction was permitted to stand which placed upon the defendant the burden of proving that the plaintiff's negligence was the *proximate cause* of his injury. The Appellate Court, at page 178 of 96 Ind. App., stated:

> "If this instruction stood alone and none other had been given on the subject of contributory negligence, the giving of such instruction would be available error, as it is well settled that any negligence on the part of the injured party which helped to bring about and cause the injury complained of, precludes such party from recovering damages on account of any such injury."

Negligence which "helped to bring about" and cause an injury would be such as materially, directly or proximately contributed to the injury. *Cousins* v. *Glassburn* (1940), 216 Ind. 431, 438, 24 N. E. 2d 1013. We find nothing in *Livingston* v. *Rice, supra,* which, in our judgment, supports the phrase "in the slightest degree," when used in connection with the causation of an injury.

---

2.   Lake County, Indiana.

In *The City of Indianapolis* v. *Cook* (1884), 99 Ind. 10, 11, it is said:

> "In, an action like the present, the law is well settled that there can be no recovery if the plaintiff's negligence or want of care contributed *in any way* to the injury complained of. *Pennsylvania Co.* v. *Gallentine*, 77 Ind. 322, and authorities cited on p. 329." (Our italics.)

A careful examination of the Gallentine case and cases therein cited on page 329 of 77 Ind. has convinced us that they in no manner support the statement as above quoted from the Cook case.

In our judgment neither Gallentine nor Cook lends support to appellee's position here. The cases cited on page 329 of 77 Ind. either pertain wholly to procedure or use the words directly, proximately, or immediately when describing causation.

*The City of Indianapolis* v. *Cook, supra* (1884), 99 Ind. 10, was followed in *Indianapolis Traction, etc., Co.* v. *Crawley* (1912), 51 Ind. App. 357, 362, 96 N. E. 392, without the citing of further authority.

*Pawlisch* v. *Atkins* (1933), 96 Ind. App. 132, 141, 182 N. E. 636, which cites *The City of Indianapolis* v. *Cook, supra,* and *Indianapolis Traction, etc., Co.* v. *Crawley, supra,* held that the use of the word "material" in an instruction which stated that to hold the plaintiff guilty of contributory negligence he must have done something wherby he "materially contributed to produce the injuries complained of" was error. The court in that case also confused the question of negligence with the causal connection between the negligence and the injury.

*Pawlisch* v. *Atkins, supra* (1933), 96 Ind. App. 132, 182 N. E. 636, as it pertained to causation was, in

our opinion, overruled by *Cousins* v. *Glassburn, supra* (1940), 216 Ind. 431, at pages 438, 439, 24 N. E. 2d 1013, where it is said:

> "The appellant insists that the use of the word 'materially' instead of the word 'proximately' constitutes reversible error. Webster's New International Dictionary gives the following common definition for the word 'Materially,' 'In an important manner or degree; substantially.' Ballentine's Law Dictionary states that 'to contribute is to help to cause or to furnish some aid in causing the result.' The failure to use the word 'proximate' in defining 'contributory negligence' does not constitute error if other words are used which exclude the idea of a remote, indirect or insignificant causal connection between the negligence and the accident. The question of contributory negligence does not arise except in a case where it has been shown that the defendant was guilty of negligence which was a proximate cause of the injury. To establish the defense of contributory negligence it is, therefore, not necessary to show that the plaintiff's negligence was the sole proximate cause of the injury but only that it was a concurring or co-operating proximate cause."

The foregoing seems to us to be a well-reasoned statement of what is necessary to show a causal connection between the negligence of the plaintiff and the injury of which complaint is made.

While the decisions of both this and the Appellate Court contain much loose language and gratuitous dicta on the subject of what is necessary to prove contributory negligence, there is recognized in all the better-reasoned opinions the one common factor—that in order to sustain a defense of contributory negligence the plaintiff must have been guilty of negligence which in more than a slight or remote degree contributed to or helped

to produce the injuries; *The City of Bedford* v. *Neal* (1896), 143 Ind. 425, 428, 41 N. E. 1029, 42 N. E. 815; *Town of Sellersburg* v. *Ford* (1906), 39 Ind. App. 94, 100, 79 N. E. 220; *Diffenderfer* v. *City of Jeffersonville* (1918), 67 Ind. App. 10, 14, 17, 118 N. E. 836; *The Pennsylvania Company* v. *Gallentine, supra* (1881), 77 Ind. 322, 328; *Lindley* v. *Skidmore* (1941), 109 Ind. App. 178, 181, 33 N. E. 2d 797; See also: *Baltimore, etc. R. Co.* v. *Young* (1899), 153 Ind. 163, 170, 54 N. E. 791; *Gormley, Administrator* v. *The Ohio and Mississippi Railway Company* (1880), 72 Ind. 31, 33; *The Cincinnati and Martinsville Railroad Co.* v. *Eaton, Administrator* (1876), 53 Ind. 307, 309; *Higgins* v. *The Jeffersonville, Madison and Indianapolis Railroad Co.* (1875), 52 Ind. 110, 111; *Maxfield* v. *The Cincinnati, Indianapolis and Lafayette Railroad Company* (1872), 41 Ind. 269, 271; *Vandalia R. Co.* v. *Fry* (1919), 70 Ind. App. 85, 89, 123 N. E. 124; *Livingston* v. *Rice, supra* (1933), 96 Ind. App. 176, 178, 184 N. E. 583; *Davis* v. *Dondanville* (1940), 107 Ind. App. 665, 674, 675, 26 N. E. 2d 568; *City of Michigan City* v. *Rudolph, supra* (1938), 104 Ind. App. 643, 653, 12 N. E. 2d 970; or which directly or materially contributed; *Citizens Street Railway Company* v. *Twiname* (1887), 111 Ind. 587, 594, 13 N. E. 55; *The Pennsylvania Company* v. *Sinclair* (1878), 62 Ind. 301, 306, 30 Am. Rep. 185; *Newhouse* v. *Miller and Wife* (1871), 35 Ind. 463, 466; *The Jeffersonville Railroad Company* v. *Hendricks' Administrator* (1886), 26 Ind. 228, 231; *The Toledo and Wabash Railway Company* v. *Goddard* (1865), 25 Ind. 185, 197; *The Lafayette and Indianapolis Railroad Company* v. *Huffman* (1867), 28 Ind. 287, 290, 92 Am. Dec. 318; *Earle* v. *Porter, supra* (1942), 112 Ind. App. 71, 78, 79, 40 N. E. 2d 381; *Kingan & Co.* v.

*Gleason* (1914), 55 Ind. App. 684, 689, 101 N. E. 1027; *Indianapolis, etc., Transit Co.* v. *Edwards* (1905), 36 Ind. App. 202, 206, 74 N. E. 533; or proximately contributed; *Cousins* v. *Glassburn, supra* (1940), 216 Ind. 431, 438, 24 N. E. 2d 1013; *Bain, Admx.* v. *Mattmiller, supra* (1938), 213 Ind. 549, 555, 556, 13 N. E. 2d 712; *Hedgecock* v. *Orlosky, supra* (1942), 220 Ind. 390, 396, 44 N. E. 2d 93; *Pierce* v. *Clemens* (1943), 113 Ind. App. 65, 79, 46 N. E. 2d 836; *Apperson* v. *Lazro* (1909), 44 Ind. App. 186, 191, 87 N. E. 97, 88 N. E. 99; *Indianapolis Traction, etc. Co.* v. *Pressell* (1907), 39 Ind. App. 472, 480, 481, 77 N. E. 357; *The Evansville and Crawfordsville Railroad Company* v. *Hiatt* (1861), 17 Ind. 102, 105; or that such negligence of the plaintiff was in some manner a concurring or co-operating proximate cause of the injury.

The rule which has generally been followed in Indiana conforms to that enunciated by Restatement of the Law of Torts which defines contributory negligence as conduct on the part of the plaintiff "which is a legally contributing cause, co-operating with the negligence of the defendant in bringing about the plaintiff's harm." Restatement, Torts, Vol. 2, §463, p. 1227, (1934).

What constitutes *legal cause* is defined as,

"The actor's negligent conduct is a legal cause of harm to another if

(a) his conduct is a substantial factor in bringing about the harm, and

(b) there is no rule of law relieving the actor from liability because of the manner in which his negligence has resulted in the harm." Restatement, Torts, Vol. 2, §431, p. 1159 (1934).

To accord with the foregoing rules "the plaintiff's conduct must be a substantial factor operating with the defendant's negligence in bringing about the plaintiff's harm and there must also be no rule of law which relieves him from responsibility because of the manner in which the harm has resulted from his conduct." Restatement, Torts, Vol. 2, §465, p. 1230 (1934).

Generally, "[a] defendant charged with negligence can rely upon the plaintiff's negligence as a defense only where there is a direct causal connection between the negligence of the plaintiff and the injury of which complaint is made." 38 Am. Jur., Negligence, §212, p. 896. A defendant charged with negligence can rely upon the plaintiff's negligence as a defense only where there is a direct causal connection between the negligence of the plaintiff and the injury for which complaint is made, and . . . the plaintiff's negligence, in order to bar a recovery, must have contributed proximately to the injury." 38 Am. Jur., Negligence, §212, p. 896, *supra.*

65 C. J. S., Negligence, §297, p. 1253, states the rule as follows:

"[C]ontributory negligence in order to bar recovery must be not merely a contributing cause of the injury, but a proximate contributing cause."

21 I. L. E., Negligence, §88, p. 345, states the rule as followed by all the better-reasoned cases in Indiana as follows:

"In order to constitute contributory negligence, the negligence for which the plaintiff is reponsible must proximately cause or contribute to the injury complained of."

Contributory negligence, in order to defeat recovery, must be a proximate and not merely a remote

cause of the injury. *Vandalia R. Co.* v.
*Fry, supra* (1919), 70 Ind. App. 85, 89, 123
N. E. 124.

However, it is not necessary that the word "proximate" be used if the instruction to the jury contains a word or phrase conveying the same meaning. *Earle* v. *Porter, supra* (1942) 112 Ind. App. 71, 79, 40 N. E. 2d 381; *Cousins* v. *Glassburn, supra* (1940), 216 Ind. 431, 438, 24 N. E. 2d 1013; 65 C. J. S., Negligence, §297, p. 1253, *supra.*

From a consideration of the recorded cases in this jurisdiction concerning the requirement for establishing contributory negligence, it is our considered judgment that to sustain a defense of contributory negligence, the negligence for which the plaintiff is responsible must either be the proximate cause of the injury of which complaint is made, or proximately contribute thereto.

"Proximately contributed" imports a direct causal relation between the plaintiff's negligence and the injury of which complaint is made.

The law recognizes a difference between proximate cause and remote cause; and in defining contributory negligence excludes the idea of a "remote", "indirect" or "insignificant" causal connection between the negligence and the injury. *Earle* v. *Porter, supra* (1942), 112 Ind. App. 71, 79, 40 N. E. 2d 381; *Vandalia R. Co.* v. *Fry, supra* (1919), 70 Ind. App. 85, 89, 123 N. E. 124.

Consequently the negligence of appellee herein could not be both a remote and a proximate contributing cause of the injury. A negligent act which contributes "in the slightest" to an injury is a remote cause and not a proximate or direct cause.

In *Earle* v. *Porter, supra* (1942), 112 Ind. App. 71, 78, 40 N. E. 2d 381, the trial court refused to give an instruction on contributory negligence containing the words "however slight" or "in the slightest", but gave the instruction on its own motion after deleting these words and substituting therefor the word "directly." In answer to appellant's assertion that this was error, the Appellate Court at page 79 of 112 Ind. App., said:

> "It follows from the above discussion that the trial court did not commit reversible error in using the word 'directly' nor in refusing to give instead the instructions with the phrases 'in the slightest' or 'however slight.'"

The Supreme Court of Minnesota in *Carlson* v. *Naddy* (1930), 181 Minn. 180, 181, 232 N. W. 3, 4, held that an instruction which defined contributory negligence as negligence which contributed "in the slightest degree to the injury" was properly refused, stating that "[a] 'correct statement is that the plaintiff's negligence, to prevent a recovery, must contribute proximately to the injury as a cause.'"

Appellee's Instruction No. 3 in the present case would have been proper on the question of contributory negligence if the words "in the slightest" had been omitted.

For the reasons above stated it was reversible error to give appellee's Instruction No. 3.

Appellee asserts that since Instruction No. 3 required the causal contribution of any negligence on the part of the plaintiff be "proximate," as defined in other instructions, such instruction was not erroneous.

Appellee further asserts that the giving of plaintiff-appellant's Instruction No. 1 as follows:

"Finally, I instruct you, an act of negligence by the plaintiff which has not been proved to have been a proximate cause of the collision would not constitute contributory negligence within the meaning of these instructions.",

was an "absolute safeguard against the jury's being misled" by the giving of the defendant-appellee's Instruction No. 3.

It is true, as appellee contends, that all the instructions must be considered as a whole and with reference to each other, and if, when so considered, they properly inform the jury of the rights and duties of the parties to the action, they are sufficient. *Riechmann* v. *Reasner* (1943), 221 Ind. 628, 634, 51 N. E. 2d 10; *Thanos* v. *Fox* (1958), 128 Ind. App. 416, 427, 149 N. E. 2d 315, 321.

However, defendant-appellee's Instruction No. 3 herein is a mandatory instruction of such nature that the alleged error therein was, in our judgment, not cured by the giving of plaintiff-appellant's Instruction No. 1.

In considering whether the giving of such Instruction No. 3 constitutes reversible error, we must also consider whether or not the jury might have been misled by it. *Cleveland, etc., R. Co.* v. *Miller* (1905), 165 Ind. 381, 387, 74 N. E. 509; *Livingston* v. *Rice, supra* (1933), 96 Ind. App. 176, 178, 179, 184 N. E. 583.

As stated hereinabove appelle's Instruction No. 3 is a mandatory instruction which tells the jury that

if they find from a preponderance of the evidence that the acts therein described are true, their verdict must be for the defendant, and error in giving it can be cured only by its withdrawal.

The rule by which we must be guided here was succinctly stated in *Evansville, etc., R. Co.* v. *Hoffman* (1914), 56 Ind. App. 530, at page 536, 105 N. E. 788, as follows:

"Appellee does not assert that this instruction is correct, but contends that the instructions as a whole gave the jury a correct idea of the law applicable to the case and that an error in any particular instruction was harmless. Also that a correct result was reached and the case should not be reversed for an error in the instructions. It is true that the instructions are to be considered together and that many defects, verbal inaccuracies and incomplete statements are thereby remedied, or rendered harmless, so that notwithstanding such defects in particular instructions the court may know and declare that the instructions when considered as a whole state the law of the case correctly. But where an instruction deals with a material proposition or issue of the case, and is erroneous, the presumption is that the error was harmful and such presumption will prevail unless it affirmatively appears from the record that it was not prejudicial to the complaining party. The error of such instruction can not be cured by the giving of other correct instructions which contradict the erroneous instruction, but to avoid the effect of such error the instruction must be withdrawn." See also: *Northern Indiana Power Company* v. *West, Admx.* (1941), 218 Ind. 321, 338, 32 N. E. 2d 713; *Indianapolis Traction, etc., Co.* v. *Mathews* (1912), 177 Ind. 88, 106, 97 N. E. 320; *Pawlisch* v. *Atkins, supra* (1933), 96 Ind. App. 132, 138, 182 N. E. 636.

There is no affirmative showing in the record here that the instruction in question was not prejudicial.

Insofar as *The City of Indianapolis* v. *Cook, supra* (1884), 99 Ind. 10, purports to hold that an instruction pertaining to contributory negligence which █ states that if the plaintiff's negligence "in any way" contributed to the injury there can be no recovery, it is overruled; and insofar as *Indianapolis Traction, etc., Co.* v. *Crawley, supra* (1912), 51 Ind. App. 357, 96 N. E. 392, purports to hold that a similar instruction was proper, it is hereby disapproved.

Because they are not likely to reoccur on a retrial it is not necessary to decide other questions properly raised by appellant.

The judgment of the trial court is reversed with instructions to sustain appellant's motion for a new trial.

Judgment reversed.

Landis, C. J., Achor, Arterburn and Jackson, JJ., concur.

NOTE.—Reported in 175 N. E. 2d 698.