Andrea J. FAUST, Plaintiff–Appellant,

v.

Ellis THOMAS, Jr. Defendant–Appellee.

No. 57A03–8709–CV–267.

Court of Appeals of Indiana,
Third District.

March 16, 1989.

Ronald E. James, Benson, Pantello, Morris & James, Fort Wayne, for plaintiff-appellant.

J. Frank Kimbrough, Wilks and Kimbrough, Fort Wayne, for defendant-appellee.

GARRARD, Presiding Judge.

Andrea Faust appeals a jury verdict rendered under Indiana's Comparative Fault Act. The jury found the defendant, Ellis Thomas, Jr., 33⅓ percent at fault for the damages sustained by Andrea. It also found Amelia Culpher, a nonparty to this action, 66⅔ percent at fault for her damages. We affirm.

On August 20, 1985, Andrea Faust was in the care of Amelia Culpher, her aunt and principal caretaker, attending a youth choir function at the Union Baptist Church in Fort Wayne, Indiana. The choir rehearsal ended at approximately 7:00 p.m. so the group could attend a baby shower. At that time, some of the choir members went to get into cars, while others went to the church basement to get refreshments for the shower. Andrea, who was only four years old at the time, asked her aunt if she could go with the youth into the basement. Culpher agreed and asked thirteen year old Ericka Yates, another nonparty to this action, to watch Andrea. Culpher then went across the street to get the other choir members organized into cars.

Andrea accompanied Yates to the basement to get punch, which was in a cooler-like container. Yates carried the punch and two other bags up from the basement, and went to put them into a car. She told Andrea to wait for her on the church steps.

Instead of waiting on the steps, Andrea ran between two parked cars out into the street. She was hit by a car driven by Ellis Thomas, Jr. Thomas testified he did not see Andrea until he hit her.

Under Indiana's Comparative Fault Act, IC 34–4–33–1 et seq., Thomas pled an affirmative defense that Amelia Culpher and Ericka Yates, non-parties to this action, were at fault. The jury found Amelia Culpher 66⅔ percent at fault and Ellis Thomas 33⅓ percent at fault. Andrea appeals this verdict and raises the following issues for our review:

1. Whether the trial court erred in denying plaintiff's motion to strike defendant's notice of nonparty defense or for partial summary judgment.
2. Whether the trial court erred in denying plaintiff's motion for summary judgment.
3. Whether the trial court erred in its instructions to the jury.
4. Whether the jury's verdict was against the law and evidence of this case.

This case arises under Indiana's comparative fault statute which is still in its relative infancy. One principle of this system is that each person who contributes to cause an injury must bear the burden of reparation for that injury in proportion to his share of the total fault. Eilbacher,

Comparative Fault & the Nonparty Tortfeasor, 17 *Ind.L.J.* 903 (1984). To accomplish this end, an essential part of Indiana's comparative fault scheme is the nonparty defense.

Indiana's Comparative Fault Act, IC 34–4–33–1 *et seq.* allows a defendant to affirmatively plead that a nonparty to the action was responsible for the plaintiff's injury. IC 34–4–33–2 defines a nonparty:

'Nonparty' means a person who is, or may be, liable to the claimant in part or in whole for the damages claimed but who has not been joined in the action as a defendant by the claimant. A nonparty shall not include the employer of the claimant.

The burden of pleading and proof of the nonparty defense is on the defendant who must plead it in a timely fashion. *See* IC 34–4–33–10(b).

The first issue Andrea raises on appeal is that Thomas did not plead his nonparty defense in a timely manner and thus, it was waived.

IC 34–4–33–10, the relevant statute, provides:

Sec. 10. (a) In an action based on fault, a defendant may assert as a defense that the damages of the claimant were caused in full or in part by a nonparty. Such a defense is referred to in this section as a nonparty defense.

(b) The burden of proof of a nonparty defense is upon the defendant, who must affirmatively plead the defense. However, nothing in this chapter relieves the claimant of the burden of proving that fault on the part of the defendant or defendants caused, in whole or in part, the damages of the claimant.

(c) A nonparty defense that is known by the defendant when he files his first answer shall be pleaded as a part of the first answer. A defendant who gains actual knowledge of a nonparty defense after the filing of an answer may plead the defense with reasonable promptness. However, if the defendant was served with a complaint and summons more than one hundred fifty (150) days before the expiration of the limitation of action

applicable to the claimant's claim against the nonparty, the defendant shall plead any nonparty defense not later than forty-five (45) days before the expiration of that limitation of action. The trial court may alter these time limitations or make other suitable time limitations in any manner that is consistent with:

(1) giving the defendant a reasonable opportunity to discover the existence of a nonparty defense; and

(2) giving the claimant a reasonable opportunity to add the nonparty as an additional defendant to the action before the expiration of the period of limitation applicable to the claim....

Andrea first claims that Thomas waived his nonparty defense because he knew the *names* of the nonparty defendants when he filed his original answer, but failed to plead them. He did not notify Andrea of the names of the nonparties, Amelia Culpher and Ericka Yates, until approximately four months before trial. She argues that this delay in naming the nonparties prejudiced her because it put her in the position of choosing between adding other defendants and thereby delaying the trial or proceeding without joining the nonparties. She argues that to force this choice is contrary to the legislative intent to allow adequate time for the plaintiff to name as parties the nonparties named by defendant. She claims it allows the defendant to use the comparative fault statute as a delay tactic and to increase the cost of litigation.

Thomas argues that he did plead a nonparty defense in his first answer by affirmatively pleading:

3. That nonparties other than the plaintiff and the defendant were at fault, said nonparties contributing to the cause of any accident herein.

Thomas also asserts that he provided the specific names of the nonparties within a reasonable time and thus did not prejudice Andrea Faust.

We first note that there is no contention that the nonparty defense was not asserted within time to give the plaintiff at least forty-five days to add the nonparties as

defendants before the applicable statute of limitations expired. *See* IC 34–4–33–10(c).

Secondly, we agree with the First District that Indiana's Comparative Fault Act requires that the nonparty defense be properly asserted if the jury is to be allowed to assign fault to a nonparty. *Walters v. Dean* (1986), Ind.App., 497 N.E.2d 247.

Neither IC 34–4–33–2, which defines "nonparty," nor IC 34–4–33–10, which establishes the affirmative defense, specifically provide the extent to which a nonparty must be identified. However, IC 34–4–33–6, concerning the forms of verdict to be furnished to the jury, states:

> "[I]f the evidence is sufficient to support the charging of fault to a non-party, the form of verdict *shall* also *require a disclosure of the name of the non-party* and the percentage of fault charged to the non-party." (Emphasis supplied)

At least one commentator, noting the legislative purpose of permitting a plaintiff the opportunity to add nonparties as defendants (IC 34–4–33–10(c)), as well as the risk of defendants conjuring up true phantoms, has viewed this provision as mandating identification by name and precluding an assignment of nonparty fault to someone identified only as, for example, "the unknown driver of the red car." Eilbacher, *supra,* at 920.

■ In the present case we need not decide whether a nonparty defense must fail unless the parties can produce the name of the nonparty. Whether the nonparty must be named, or whether some other particular and specific identification should suffice, we believe the bare initial response contained in Thomas' answer to the complaint "that nonparties were at fault" required amplification in order to be presented to the jury.

The briefs are silent, as is the transcript, concerning any efforts at formal pretrial discovery regarding the nonparties. They apparently had not been identified at the time of the pretrial conference in July 1986. They were, however, identified by name in October 1986, and both the affirmative defense and the names of the alleged nonparties were set forth in the pretrial order that was eventually entered on January 15, 1987.

■ Considering the latitude afforded the court under IC 34–4–33–10(c) and the basic scheme of our Rules of Civil Procedure to utilize the pretrial conference and pretrial order to formulate the issues for trial, we find no abuse of discretion in permitting the assertion of the nonparty defense at trial. *See* TR 16; *Whiteco Industries v. Kopani* (1987), Ind.App., 514 N.E.2d 840, *transfer denied.* While Andrea may have suffered some inconvenience from delay in naming the nonparties, she must share in the responsibility for that delay. The nonparty defense was asserted in Thomas' original answer and it does not appear that she utilized the available procedural tools to secure a speedy identification.

Andrea next argues that the trial court erred in denying her motion for summary judgment. This motion was in addition to the Motion to Strike Defendant's Non Party Defense or Partial Summary Judgment discussed above. In this additional motion, filed December 5, 1986, Andrea argues that Amelia Culpher's actions or inactions were too remote to be the proximate cause of Andrea Faust's injuries and therefore she was not negligent as a matter of law.

In her brief, Andrea claims that, "The Plaintiff's Motion was heard December 18, 1986 (Rec. 182, 1. 10–13), taken under advisement and denied December 19, 1986 (Rec. 182, 1. 14–16)." A review of the record shows that on December 19, 1986 the following entry was made:

> The court having considered the Plaintiff's Motion to Strike Defendant's Notice of Non–Party Defense or Partial Summary Judgment now finds that said motion should be denied and it is so ordered.

■ Nowhere in the record is there any evidence of a ruling on the second motion for summary judgment filed on December 5, 1986. Since no final ruling was made, there is nothing for this court to review. *Crull v. Platt* (1984), Ind.App., 471 N.E.2d 1211, 1216. One cannot assert error on

appeal regarding the disposition of a motion when no ruling was made by the trial court. *Falender v. Atkins* (1911), 178 Ind. 476, 94 N.E. 323; *State v. Edgman* (1983) Ind.App., 447 N.E.2d 1091, 1099.

Andrea next argues that the jury verdict was clearly erroneous. She bases this claim on two contentions. First, she asserts that the jury could not have found Ericka Yates not guilty of negligence while finding that Amelia Culpher was negligent. She contends this renders the verdict inconsistent and contrary to law.

Secondly, she claims that the evidence supports no more than a finding that Amelia Culpher created a mere circumstance or condition which could not have been a proximate cause of Andrea's injuries.

█ While we agree with the propositions of law she cites, we find the verdict was, under the evidence, not clearly erroneous.

Amelia Culpher was an adult and was admittedly charged with Andrea's care at the time in question. The jury could have concluded that she failed to exercise reasonable care in leaving four-year old Andrea near the street under the circumstances, or even in placing her in the care of a thirteen-year old who was busy with the activity going on. *See, e.g., Miller v. Griesel* (1974), 261 Ind. 604, 308 N.E.2d 701, 706.

The critical feature which Andrea's argument fails to recognize derives from the fact that Ericka Yates was only thirteen years old. She was only required to exercise the reasonable care of a person of like age, intelligence and experience. *Rouch v. Bisig* (1970), 147 Ind.App. 142, 258 N.E.2d 883, 889. Thus, the verdict is not necessarily inconsistent because the jury might have determined that thirteen-year old girls in the situation of Ericka would have exercised no more care than she did.

The argument that Ms. Culpher created no more than a condition upon which Thomas' negligence was allowed to operate is more troublesome because of modern standards concerning contributing proximate causes and the misleading nature of a distinction that seems largely based upon whether the conduct in question was active or passive. Given a duty, clearly either may constitute actionable negligence. Of course, we affirm that the conduct in question must constitute a "substantial factor" in producing the injury, *Huey v. Milligan* (1961), 242 Ind. 93, 175 N.E.2d 698, but that is a determination for the jury unless no reasonable mind could reach the jury's conclusion on the evidence presented.

Despite continued reference to creating a "mere condition" as a shield from liability, an array of decisions make clear that where a duty to exercise care exists, foreseeability becomes the touchstone for determining whether conduct which created the condition possesses the necessary nexus for imposition of liability. As frequently stated:

> [W]here the negligent actor's act or omission has the effect of setting in motion the chain of events leading to the injury, the key to holding that act or omission [a] proximate cause of the injury is that the ultimate injury be one that was foreseen, or reasonably should have been foreseen as the natural and probable consequences of the act or omission.

*Havert v. Caldwell* (1983), Ind., 452 N.E.2d 154, 158. *See also Conder v. Hull Lift Truck, Inc.* (1982), Ind., 435 N.E.2d 10; *Elder v. Fisher* (1966), 247 Ind. 598, 217 N.E.2d 847; *Ortho Pharmaceutical Corp. v. Chapman* (1979), 180 Ind.App. 33, 388 N.E.2d 541.

█ The jury could reasonably have determined that Ms. Culpher's failure to more closely supervise little Andrea was a substantial factor in the occurrence and that it was reasonably foreseeable that absent supervision Andrea might well, under the circumstances, run out into the street and be struck by a passing vehicle. We find the evidence sustains the verdict in determining that Amelia Culpher was negligent and that her negligence was a contributing proximate cause of the injury to Andrea.

Finally, Amelia complains of two instructions given by the court over her objection. The first was a modification of her own tendered instruction defining what would

constitute an efficient intervening cause. The second was the verdict form, which in pertinent part used the following format:

> We, the jury, find in favor of the Plaintiff, Andrea J. Faust. We find her total damages are $_____. We find that the negligence of the following persons proximately caused the total damages and that the percentage of fault of each is as follows:

> Ellis Thomas, Jr.     _____%
> Ericka Yates     _____%
> Amelia Culpher     _____%

> We assess the plaintiff's damages against defendant, Ellis Thomas, Jr., as follows:

$$ \underset{\substack{\text{Total} \\ \text{damages}}}{\$\rule{2cm}{0.4pt}} \times \underset{\substack{\text{Defendant's} \\ \text{\% of fault} \\ \text{expressed} \\ \text{as} \\ \text{a decimal}}}{\rule{2cm}{0.4pt}} = \underset{\substack{\text{Damages awarded} \\ \text{against Ellis} \\ \text{Thomas, Jr.}}}{\$\rule{2cm}{0.4pt}} $$

> which we return in favor of the plaintiff and against the defendant on the claim of Andrea J. Faust.

---

She urges that the modification of the intervening cause instruction in combination with the verdict form misled the jury and mandated a finding that the nonparties were negligent. We disagree.

■ We need not set forth the instruction on intervening cause since there is no contention that it did not correctly state the substantive law. As originally tendered by Andrea, the instruction stated *inter alia,* "A person is not legally responsible for an injury if it would not have resulted but for the interposition of an efficient intervening cause which she should not have reasonably anticipated." The court modified this by deleting "she" and inserting "been" in the last phrase so that the sentence read, "A person is not legally responsible for an injury if it would not have resulted but for the interposition of an efficient intervening cause which should not have been reasonably anticipated. We find no prejudice to the plaintiff from this amendment.

■ Neither do we find that the verdict form mandated a determination that the nonparties were negligent or was confusing and misleading to the jury. The form follows the requirements of IC 34–4–33–5.[1] It is an elementary rule that the instructions are to be considered as a whole. Other instructions clearly advised the jury of the requirements of finding negligence and causation before assessing liability. That the jury understood is clearly evidenced by the verdict they returned which found Ericka Yates 0% responsible.

We find no error.

AFFIRMED.

HOFFMAN and STATON, JJ., concur.

**1.** (a) In an action based on fault that is brought against one (1) defendant or two (2) or more defendants who may be treated as a single party, and that is tried to a jury, the court, unless all the parties agree otherwise, shall instruct the jury to determine its verdict in the following manner:

(1) The jury shall determine the percentage of fault of the claimant, of the defendant, and of any person who is a nonparty. The percentage of fault figure of parties to the action may total less than one hundred percent (100%) if the jury finds that fault contributing to cause the claimant's loss has also come from a nonparty or nonparties....