SULLIVAN, Justice,
dissenting.
I respectfully dissent from the Court’s reversal of the jury’s decision in this case.
The Court reverses on grounds that Instruction 22 misled the jury as to the appropriate standard of care required to prove negligence. The plaintiff acknowledges that Instruction 22 did not specifically set forth the required standard but argues that this was not Instruction 22’s purpose; rather, its purpose was only to set forth the plaintiffs “allegations of negligence” as contemplated by the pattern jury instructions promulgated by the Indiana Judges Association. Instruction 11, plaintiff argues, laid out the required standard by explaining that negligence is the failure to exercise reasonable or ordinary care.
It is well settled that “[j]ury instructions are to be considered as a whole and in reference to each other.” Clay City Consol. Sch. Corp. v. Timberman, 918 N.E.2d 292, 300 (Ind.2009) (citing Huey v. Milligan, 242 Ind. 93, 107, 175 N.E.2d 698, 705 (1961)). And the trial court told the jury precisely that: “All the law in the case is not embodied in any single instruction.... [Y]ou must consider all these instructions as a whole and construe them in harmony with each other.” Tr. 848. A little while later, the judge repeated: “[Y]ou must consider all of the instructions together, as a package, and you must not ignore any instructions, or any part of any instruction.” Tr. 849.
As our Court has said, “even if there is an error in a particular instruction, it does not require reversal unless the jury is misled as to the law in the case.” Timberman, 918 N.E.2d at 300 (citing Huey, 242 Ind. at 107, 175 N.E.2d at 705). I see no basis for finding that the jury was misled here. Instruction 11 corrected any error in Instruction 22 such that the jury could not have been misled as to the law.
Furthermore, the record indicates that while defendant did object on the record to Instruction 22 as given, the trial judge was sensitive to defendant’s concerns over the instruction and had modified the language plaintiff originally tendered over plaintiffs protests. Tr. 718-28; 743-44; 759-61. Although in the end defendant objected to Instruction 22 even as modified, the judge worked hard to try to make sure that the jury was not misled on the precise point at issue in this appeal. I think the Court is wrong to second-guess him.
Finally, the Court says that “the language and phrasing of [Instruction 22] permitted the jury to infer that the factual allegations set forth in subparts A-E should be understood as factual circumstances ... that automatically constitute negligence.... Yet, with respect to negligence, a public elementary school has only one duty at common law — the duty to exercise ordinary and reasonable care.” La Porte Cmty. Sch. Corp. v. Rosales, 963 N.E.2d 520, 524 (Ind.2012) (emphasis in *528 original) (citation omitted). Compare this language to the way defense counsel described Instruction 22 to the jury: “[Plaintiffs] allege (a), (b), (c), (d), and [e], but you won’t be instructed ... that[ ] the Defendant had to do any of those things. It’s ordinary and reasonable care. It’s a standard of ordinary and reasonable care.” Tr. 824. That is, defense counsel understood the instruction they now challenge on appeal (which, to repeat, had been modified by the trial judge from that tendered by plaintiffs counsel) to have set forth the correct standard of care and told the jury so. If defense counsel thought the instruction set forth the appropriate standard of care, it seems unlikely to me that the jury was misled by it.
Because the Court fails to follow our long-standing rule that instructions are to be read as a whole — a rule that the trial court here conveyed to the jury not once but twice — and because there are a number of reasons to conclude that any ambiguity in Instruction 22 did not mislead the jury, I respectfully dissent.