ATTORNEY FOR APPELLANT
Shannon L. Robinson
Bloomington, Indiana

ATTORNEYS FOR APPELLEES
Richard A. Waples
Indianapolis, Indiana

Keith L. Johnson
Terre Haute, Indiana



# In the
# Indiana Supreme Court

No. 11S04-0904-CV-134

CLAY CITY CONSOLIDATED
SCHOOL CORPORATION,

*Appellant (Defendant below)*,

v.

RONNA TIMBERMAN AND
JOHN PIPES II,

*Appellees (Plaintiffs below)*.

Appeal from the Clay Superior Court, No. 11D01-0608-PL-367
The Honorable Matthew L. Headley, Special Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 11A04-0802-CV-96

**November 30, 2009**

**Sullivan, Justice.**

Following the death of 13-year-old Kodi Pipes at basketball practice for his school's team, his parents brought a child wrongful death action against the school corporation. This case requires us to determine whether Indiana law recognizes a rebuttable presumption that children between the ages of seven and 14 are incapable of contributory negligence. We hold that Indiana does recognize the presumption. As such, we affirm the jury verdict for the plaintiffs.

**Background**

Thirteen-year-old Kodi Pipes attended Clay Jr. High School in the Clay City Consolidated School Corporation ("Clay City Schools"). On Monday, November 17, 2003, Kodi blacked out during basketball practice; the coach notified Kodi's mother of the incident. Kodi's mother contends that following the incident, she told the coach that Kodi could walk through plays, but was not to participate in running or other strenuous activity. On Tuesday and Wednesday of the same week, Kodi attended school without incident. Though a doctor had not cleared Kodi to practice, he participated in Wednesday night's practice without restrictions. During Wednesday night's practice, Kodi's coach required the players to perform a running drill. Early in the drill, Kodi collapsed and died.

Kodi's parents, Ronna Timberman and John Pipes II, filed a complaint against Clay City Schools, alleging that the school was negligent under Indiana's Child Wrongful Death Statute, Ind. Code § 34-23-2-1. The School defended, arguing that Kodi's own negligence contributed to his death. (Under Indiana law, "contributory negligence" has been considered an absolute defense available to governmental entities, including public schools.) Nevertheless, the jury returned a verdict and damage award in favor of Kodi's parents.

The School appealed. The Court of Appeals reversed and remanded for a new trial. Clay City Consol. Sch. Corp. v. Timberman, 896 N.E.2d 1229, 1238 (Ind. Ct. App. 2008). It found that the trial court committed reversible error when, at the request of Kodi's parents, the trial court gave the jury the following instruction:

> In deciding whether Kodi Pipes was contributorily negligent, you should know that Indiana law recognizes a rebuttable presumption that children from the age of 7 to 14 years of age are rebuttably presumed to be incapable of contributor[y] negligence.
>
> A "rebuttable presumption" means that if you find Clay School Corporation has not presented evidence to show that Kodi Pipes' own negligence contributed to his death, you should presume that Kodi Pipes was not contributorily negligent. If, on the other hand, you find that Clay School Corporation has presented evidence to show that Kodi Pipes was contributorily negligent then you

2

should weigh that evidence against both the presumption that children between 7 and 14 are rebutta[b]ly presumed to be incapable of contributory negligence, through their own negligence, to their injuries and any evidence that Kodi Pipes' negligence did not contribute to his death in deciding the issue of whether Kodi Pipes was contributorily negligent.

(Appellant's App. 31.)  The Court of Appeals reasoned that "Indiana law does not conclusively contain a presumption either in favor or against seven to fourteen-year-olds with respect to whether they can be found liable for their negligent acts." Id. at 1237.

The parents sought, and we granted, transfer.[1]  Ind. Appellate Rule 58(A).

## Discussion

Kodi's parents argue that Indiana law recognizes a rebuttable presumption that children between the ages of seven and 14 are incapable of contributory negligence.  Clay City Schools, on the other hand, contends that no decision in either the Court of Appeals or in this Court supports the disputed presumption.  Clay City Schools therefore maintains that the trial court committed reversible error when it instructed the jury that such a presumption exists, and in other respects as well.

---

[1] In addition to its contention concerning Indiana's recognition of a rebuttable presumption that children between the ages of seven and 14 cannot be guilty of contributory negligence, Clay City Schools raised six additional issues in this appeal: (1) possible negligence on the part of Kodi's parents should have been considered for purposes of contributory negligence; (2) the trial court abused its discretion when it instructed the jury that Kodi's parents had not released Clay City Schools from its negligence; (3) the trial court abused its discretion when it instructed the jury that Clay City Schools was required to anticipate and guard against conduct of children by which the child may harm himself or others;  (4) the trial court abused its discretion by instructing the jury that it "may," rather than "must," find for the defendant if it found Kodi contributorily negligent; (5) the trial court abused its discretion when instructing the jury on proximate cause; and (6) the cumulative effect of the trial court's erroneous instructions entitled Clay City Schools to a new trial.  We summarily affirm the decision of the Court of Appeals as to issues (2) and (3). App. R. 58(A)(2).  The remaining issues are discussed in Part III of this opinion.

3

# I

From time to time, children between the ages of seven and 14 find themselves involved in negligence actions, sometimes as plaintiffs and sometimes as defendants. The standard of care for a child between the ages of seven and 14 is well-established. A substantial majority of all jurisdictions accept the flexible rule set forth in Restatement (Second) of Torts § 283A (1965) ("Restatement") regarding the liability of children for their tortuous acts: that of a reasonable person of like age, knowledge, judgment, and experience. Our cases have consistently declared that a child between seven and 14 is required to exercise due care for his or her own safety under the circumstances and that the care required is to be measured by that ordinarily exercised under similar circumstances by children of the same age, knowledge, judgment, and experience. See, e.g., Creasy v. Rusk, 730 N.E.2d 659, 662 (Ind. 2000); Smith v. Diamond, 421 N.E.2d 1172, 1179 (Ind. Ct. App. 1981).

Embracing the Restatement standard of care based on a child's knowledge, experience, and age recognizes that children do have the capacity to inhibit impulses and foresee the consequences of their actions, but that children vary widely in this capacity. Lisa Perrochet & Ugo Colella, What a Difference a Day Makes: Age Presumptions, Child Psychology, and the Standard of Care Required of Children, 24 Pac. L.J. 1323, 1332 (1993). Furthermore, Indiana Pattern Jury Instruction No. 5.25, "Negligence or Contributory Negligence – Children" reflects this standard of care for children. Instruction No. 5.25 states in pertinent part, "[a] child aged seven (7) through the age of fourteen (14) must exercise the same care that a reasonably careful child of the same age, knowledge, judgment, and experience would exercise in the same situation." "Although we have not formally approved [Indiana Pattern Jury Instructions] for use, we have recognized their existence and given them some preferential status." Schultz v. Ford Motor Co., 857 N.E.2d 977, 980 n.2 (Ind. 2006).

# II

How substantive law measures whether a child between the ages of seven and 14 has been negligent is a different inquiry from whether legal procedure erects a presumption that such

a child cannot be guilty of contributory negligence. We begin with some general principles about presumptions before turning to the question of whether it was correct for the trial court to recognize one here.

## A

Indiana Evidence Rule 301 governs the application of presumptions in civil actions. It provides:

> In all civil actions and proceedings not otherwise provided for by constitution, statute, judicial decision or by these rules, a presumption imposes on the party against whom it is directed the burden of going forward with evidence to rebut or meet the presumption, but does not shift to such party the burden of proof in the sense of the risk of nonpersuasion, which remains throughout the trial upon the party on whom it was originally cast. A presumption shall have continuing effect even though contrary evidence is received.

In Schultz v. Ford Motor Co., we interpreted Evid. R. 301 to require the finder of fact to "find the presumed fact once the basic fact is established, unless the opponent of the presumption persuaded the factfinder of the nonexistence of the presumed fact." 857 N.E.2d at 982. Evidence Rule 301 states that "[a] presumption shall have continuing effect even though contrary evidence is received." Accordingly, a presumption is properly given continuing effect (and remains in the case) despite the presentation of contrary proof. Evidence Rule 301 "authorizes a court to instruct the jury on permissible inferences that may be drawn from the basic facts that give rise to presumptions." Schultz, 857 N.E.2d at 985. Once a basic fact is proven, the jury may infer the existence of a presumed fact. Id.

## B

In Borttorff v. S. Constr. Co., 184 Ind. 221, 110 N.E. 977 (1916), this Court considered in dicta the alleged contributory negligence of a 13-year old boy. We said that a child between the ages of seven and 14 "is presumed to be incapable of committing crimes, but the presumption

may be rebutted by proof that the infant possessed sufficient discretion to be aware of the nature of the act. . . . It seems that the greater weight of authority is to the effect that the same rule applies in negligence cases." Id. at 978 (citing treatises and cases from other states).

Kodi's parents take the position that Indiana law accords with the Bottorff dicta: that Indiana law rebuttably presumes that children between seven and 14 are incapable of contributory negligence. Clay City Schools responds that the Bottorff dicta has never been adopted in any Indiana case as a correct statement of law.

Several decisions of the Court of Appeals have addressed the issue with varying results. Bailey v. Martz, 488 N.E.2d 716, 721 (Ind. Ct. App. 1986), trans. denied, held that Indiana law rebuttably presumes that children between seven and 14 may be contributorily negligent. Two other cases, Smith v. Diamond, 421 N.E.2d at 1174, and Baller by Baller v. Corle, 490 N.E.2d 382, 385 (Ind. Ct. App. 1986), trans. denied, studied the issue but came to no definitive conclusion. A fourth case, Brockmeyer by Brockmeyer v. Ft. Wayne Pub. Transp., 614 N.E.2d 605, 607 (Ind. Ct. App. 1993), trans. denied, found a rebuttable presumption that children between seven and 14 cannot be guilty of contributory negligence but it did so in reliance on Smith and Baller by Baller which, as just noted, do not stand for that proposition.

We think the most thorough and thoughtful examination of this question was conducted by Judge Lozano in a diversity case, Maynard by Maynard v. Ind. Harbor Belt R.R. Co., 997 F. Supp. 1128, 1131-38 (N.D. Ind. 1998). Under submission was defendant railroad's request for summary judgment on grounds that the 13-year-old plaintiff, injured while climbing between defendant's rail cars, had been guilty of contributory negligence. Id. at 1130. After careful review of the Court of Appeals decisions just mentioned, decisions of this Court dealing with the tort liability of children, and other sources, Judge Lozano predicted that the Indiana Supreme Court would not agree with the holding of Bailey. Id. at 1134. That is, he predicted that our Court would not rebuttably presume that children between the ages of seven and 14 are capable of contributory negligence. Id. at 1134-35. However, Judge Lozano found himself "less certain as to whether the Indiana Supreme Court would rebuttably presume that children between the ages of seven and fourteen are incapable of [contributory negligence], or would reject any pre-

6

sumption." Id. at 1135. (Maynard went on to conclude that regardless of whether there was a presumption in favor of the child or no presumption at all, summary judgment for the defendant could not be granted. Id. at 1138.)[2]

This Court has discussed presumptions relating to the contributory negligence of minors and the standard of care applicable to them in two decisions during the past decade. In Creasy v. Rusk, 730 N.E.2d at 662,[3] we stated that Indiana reformulates the Restatement (Second) of Torts § 283A (1965) into three parts:

> Children under the age of 7 years are conclusively presumed to be incapable of being contributorily negligent, from 7 to 14 a rebuttable presumption exists they may be guilty thereof, and over 14, absent special circumstances, they are charge-able with exercising the standard of care of an adult.

Creasy, 730 N.E.2d at 662 (quoting Bailey, 488 N.E.2d at 721). We also noted that, "[i]n the age seven to fourteen category, Indiana applies the Restatement standard and ascertains whether the child exercised the care under the circumstances of a child of like age, knowledge, judgment, and experience." Creasy, 730 N.E.2d at 662.

Justice Rucker's opinion, joined by Justice Dickson, in Mangold ex rel. Mangold v. Ind. Dep't of Natural Res., said that "children between the ages of seven and fourteen are rebuttably presumed to be incapable of contributory negligence," and that children in this age group are re-quired to exercise due care for their own safety under the circumstances of children of like age, knowledge, judgment, and experience. 756 N.E.2d 970, 976 (Ind. 2001) (citing Creasy, 730 N.E.2d at 662). (Chief Justice Shepard's opinion for the majority of the court did not discuss any presumption in favor or against a child. Id. at 977.)

---

[2] In the only other federal case of which we are aware touching on this issue, the Seventh Circuit treated the dicta in Bottorff as Indiana law to the effect that a six-year old plaintiff could not be guilty of contri-butory negligence at all. Mann v. Anderson, 447 F.2d 533, 536 (7th Cir. 1971) (noting that the "[d]efendant makes several plausible, even persuasive, arguments for a more flexible rule on the contribu-tory negligence of minors. But such arguments should be addressed to the Indiana courts; the federal dis-trict court had no choice but to apply the well-established Indiana law.").

[3] At issue in Creasy was the standard of care owed by an adult with a mental disability.

We now confirm what <u>Bottorff</u> suggested: Indiana law recognizes a rebuttable presumption that children between the ages of seven and 14 are incapable of contributory negligence, as Justice Rucker's <u>Mangold</u> opinion correctly stated. In addition to being consistent with the <u>Bottorff</u> precedent, we believe it accords with the unquestioned obligation that the alleged tortfeasor bears of proving contributory negligence. In point of fact, given the extraordinary protection that the doctrine of contributory negligence provides alleged tortfeasors, this presumption in favor of youthful alleged victims is a very modest benefit at best.[4]

We emphasize that this holding relates only to an evidentiary presumption in the contributory negligence cases, defining the state of the presumed fact of (no) contributory negligence at the outset of the litigation and, in the words of Evid. R. 301, the "burden of going forward." This holding has no impact on the standard of care applicable to a child between the ages of seven and 14; that standard of care is as set forth in Part I of this opinion and it applies in all negligence settings, i.e., in cases against a child alleging negligence; in cases involving contributory negligence; and in cases involving comparative fault.

The language of <u>Creasy</u> (which itself was <u>dicta</u> as the case did not involve a child at all), and for that matter, the language of <u>Bailey</u>, is not inconsistent in this regard: although a presumption exists that such children are incapable of contributory negligence, that presumption is rebuttable such that the child nevertheless "may be guilty thereof." Prior decisions of the Court of Appeals holding to the contrary are disapproved.

**C**

The trial court's Final Instruction No. 20 stated in part that "Indiana law recognizes a rebuttable presumption that children from the age of 7 to 14 years of age do not contribute to their own injuries through their own negligence." (Appellant's App. 59.) Applying Evid. R. 301, as discussed in <u>Schultz</u>, the trial court's instruction reflected a presumption running in favor of Kodi that was required to be overcome by Clay City Schools. Clay City Schools was entitled to re-

---

[4] As the opinion of the Court in <u>Mangold</u> demonstrates, the existence of the presumption will not preclude summary judgment for the alleged tortfeasor on grounds of contributory negligence in the appropriate case. <u>See</u> 756 N.E.2d at 977.

but the presumption with evidence showing Kodi's capacity, i.e., by offering proof that Kodi, based on his age, mental capacity, intelligence and experience, was accountable for his actions. Once such proof was offered, the question of contributory negligence would become a question of fact for the jury to determine. Under Part II-B, supra, and Evid. R. 301, Final Instruction No. 20 was a correct statement of law. Under Evid. R. 301 and Schultz, the presumption had a continuing effect, regardless of any contrary evidence regarding Kodi's particular decision-making level. The trial court did not err when it gave the jury Final Instruction No. 20.

## III

Clay City Schools raised four additional issues that require our attention.

## A

Clay City Schools contends that the trial court committed reversible error when it did not instruct the jury that it should consider whether Kodi's parents were contributorily negligent. The Court of Appeals did not explicitly hold that the trial court had committed reversible error in this regard. However, it did conclude that if the case were to be retried, it would "be required to instruct the jury that it can consider possible negligence on the part of Mother and Father that may have proximately caused Kodi's death for purposes of contributory negligence." Clay City Consol. Sch. Corp., 896 N.E.2d at 1238.

Clay City Schools never alleged negligence on the part of Kodi's parents. When Clay City Schools filed its answer, it asserted eight defenses, none alleging negligence on the part of Kodi's parents. Among the sixteen jury instructions Clay City Schools submitted, not one addressed alleged negligence relative to Kodi's parents. And even on appeal, Clay City Schools never presented an argument relating to negligent conduct by Kodi's father.

> If a party desires a full and specific instruction as to what the issues are, it is incumbent on him to prepare such and present the same to the court at the proper time, with a proper request that it be given. If he fails to do so [ ] he has no grounds to complain that the court did not state the issues to the jury.

9

Captain & Co., Inc. v. Stenberg, 505 N.E.2d 88, 94 (Ind. Ct. App. 1987) (quoting Pittsburgh, Cincinnati, Chicago & St. Louis Ry. Co. v. Lightheiser, 168 Ind. 438, 459, 78 N.E. 1033, 1040 (1906)), trans. denied.

In this instance, a trial court instruction to the jury regarding possible negligence committed by Kodi's parents could have disadvantaged Kodi's parents because they would not have been on notice regarding the claim. See Herrell v. Maddux, 535 P.2d 935, 938 (Kan. 1975), where the court found it error to allow a defendant to amend a pretrial order when the defendant alleged for the first time that the plaintiff was contributorily negligent only after both parties had rested and instructions had been prepared. This case is similar to Herrell in that Clay City Schools' preliminary jury instructions limited the issue of contributory negligence to Kodi Pipes. As stated above, Clay City Schools did not raise the issue of Kodi's parent's negligence in its defenses, nor present any evidence relating to the negligence of Kodi's father.

Clay City Schools limited its contributory negligence inquiry to Kodi.[5] Only after all the evidence had been submitted did Clay City Schools broaden the issue of contributory negligence to Kodi's parents. Clay City Schools did not allege contributory negligence on Kodi's parents' part, did not present evidence thereof, and did not request an instruction thereon. See Clay City Consol. Sch. Corp., 896 N.E.2d at 1238. In any event, having failed to tender an instruction on the contributory negligence of Kodi's parents, any possible claim of error predicated on the instruction was waived. See Jones v. Cary, 219 Ind. 268, 37 N.E.2d 944, 950 (1941).

---

[5] Clay City Schools tendered several instructions on contributory negligence. However, the instructions on contributory negligence only applied to Kodi. Final Instruction No. 14 reads, in pertinent part, "if you find that the defendant proved that Kodi Pipes was contributorily negligent or incurred the risk, your verdict should be for the defendant." (Appellant's App. 25.) Final Instruction No. 24 reads in part as follows: "[i]f you find any negligence on the part of Kodi Pipes which proximately contributed to his injuries, then you may find for the defendant." (Appellant's App. 35.)

10

**B**

Clay City Schools contends that the trial court committed reversible error when it instructed the jury that it "may" find for the defendant if it found any negligence on the part of Kodi. The school corporation argues that it would be entitled to a judgment as a matter of law if the jury found Kodi guilty of contributory negligence; therefore, the instruction should have directed the jury that it "must," rather than "may," find for the defendant in such a circumstance. In other words, Clay City Schools asserts that "may" was permissive and not mandatory, and that "must" should have been used when instructing the jury.

We agree that the use of "may" in place of "must" was not the most appropriate language based on Indiana law.[6] However, the jury was otherwise instructed in Final Instruction No. 14 that if "Kodi Pipes was contributorily negligent or incurred the risk, your verdict should be for the defendant." (Appellant's App. 25.) Jury instructions are to be considered as a whole and in reference to each other. Huey v. Milligan, 242 Ind. 93, 175 N.E.2d 698, 705 (1961). Considering the instructions together, the law on the contributory negligence of Kodi was stated with substantial accuracy. Thus, even if there is an error in a particular instruction, it does not require reversal unless the jury is misled as to the law in the case. Id.

Black's Law Dictionary provides three definitions for the verb "may." 1068 (9th ed. 2009). The first two accord with Clay City Schools' argument: "to be permitted to" and "to be a possibility." Id. But the third definition accords to what we believe the trial court had in mind here: "Loosely, is required to; shall; must." Id. The entry goes on to say that "[i]n dozens of cases, courts have held may to be synonymous with shall or must." Id. By way of example, in the context of statutory construction, it is well settled that the word "may" will be construed as synonymous with "shall" where public interests and rights are concerned. Nave v. Nave, 7 Ind. 122, 123 (1855); Bansemer v. Mace, 18 Ind. 27, 32 (1862). The criminal courts also offer examples. See, e.g., Watts v. State, 229 Ind. 80, 95 N.E.2d 570, 582 (1950) (finding that from the whole instruction to the jury "may" was used in a mandatory manner and synonymous with the word

---

[6] Indiana law requires that contributory negligence on the part of the plaintiff bars any recovery against government actors. Stowers v. Clinton Cent. Sch. Corp., 855 N.E.2d 739, 745 (Ind. Ct. App. 2006), trans denied.

11

"shall"). Though it might have been more precise if words like "shall" or "must" had been used in the jury instruction instead of "may," such substitution does not constitute reversible error in this case.

C

Clay City Schools contends that the trial court committed reversible error when instructing the jury on proximate cause in Final Instruction Nos. 19, 21, and 25. The disputed instructions do not state that the act or omission by Clay City Schools must be a "substantial factor," nor do they refer to "but for" causation. The Court of Appeals determined that the trial court abused its discretion when it instructed the jury on proximate cause. See Clay City Consol. Sch. Corp., 896 N.E.2d at 1241-42 (citing Hawkins v. Cannon, 826 N.E.2d 658, 662 (Ind. Ct. App. 2005) (finding that including "but for" causation in the definition of proximate cause cured any error omitting an instruction on the "substantial factor" test)). The court reasoned that "but for" causation is "the minimal requirement to determine proximate cause." Clay City Consol. Sch. Corp., 896 N.E.2d at 1243.

The same authority that the Court of Appeals cites for the proposition of a "but for" minimum requirement first states that "[a] negligent act is said to be the proximate cause of an injury 'if the injury is a natural and probable consequence, which in the light of the circumstances, should have been foreseen or anticipated.'" Paragon Family Rest. v. Bartolini, 799 N.E.2d 1048, 1054 (Ind. 2003) (quoting Bader v. Johnson, 732 N.E.2d 1212, 1218 (Ind. 2000)). Here, the court issued such an instruction in Final Instruction No. 22. This instruction stated that "[a]n act or omission is a proximate cause of an injury/death if the injury/death is a natural and probable consequence of the act or omission." (Appellant's App. 33.) Final Instruction No. 22 closely tracks Indiana Pattern Jury Instruction (Civil) No. 5.06. Indiana Pattern Jury Instruction No. 5.06 does not include language referring to "but for" causation; it provides that "[a]n act or omission is a proximate cause of an [injury] [death] [property damage] if the [injury][death][property damage] is a natural and probable consequence of the act or omission."[7]

---

[7] As previously stated in this opinion, we have recognized the existence of the Indiana Pattern Jury Instructions (Civil), and given them some preferential treatment. Schultz, 857 N.E.2d at 980 n.2.

We conclude that an instruction on proximate cause is not required to refer to "but for" causation To omit such language does not constitute error, so long as the instructions as a whole adequately convey the law in this area. Here, reading the trial court's instructions on proximate cause together, accurately instructs the jury on the relevant law. The trial court did not commit reversible error in this respect.

**D**

Clay City Schools' final contention is that the cumulative effect of the trial court's erroneous instructions entitled it to a new trial. As we find no error on the part of the trial court, the school corporation is not entitled to relief on this basis.

**Conclusion**

We find no reversible error; therefore, we affirm the judgment of the trial court.

Shepard, C.J., and Dickson, Boehm, and Rucker, JJ., concur.