ATTORNEYS FOR APPELLANT
William H. Kelley
Darla S. Brown
Kelley, Belcher & Brown
Bloomington, Indiana

ATTORNEYS FOR APPELLEE
Kenneth J. Allen
Robert D. Brown
Kenneth J. Allen & Associates, P.C.
Valparaiso, Indiana



FILED

CLERK
of the supreme court,
court of appeals and
tax court

## In the
## Indiana Supreme Court

No. 46S04-1105-CT-284

LAPORTE COMMUNITY SCHOOL CORPORATION,     *Appellant (Defendant below),*

v.

MARIA ROSALES,                            *Appellee (Plaintiff below).*

Appeal from the LaPorte Circuit Court, No. 46C01-0701-CT-039
The Honorable Thomas Alevizos, Judge

On Transfer from the Indiana Court of Appeals, No. 46A04-1001-CT-4

**March 20, 2012**

**Dickson, Justice.**

Concluding that one of the jury instructions given by the trial court could have misled the jury about a key issue regarding liability in this child wrongful death case, we reverse and remand for a new trial on the affected issue.

The plaintiff, Maria Rosales, filed this wrongful death action against LaPorte Community School Corporation after her son choked to death on food while eating lunch at Hailmann Elementary School, which is part of the School Corporation. The jury returned a $5 million verdict for the plaintiff, and judgment was entered in the sum of $500,000—the maximum amount then permitted under the Indiana Tort Claims Act, Indiana Code Section 34-13-3-4. The School Cor-

poration appealed, claiming that the trial court erred in the giving of certain jury instructions, in permitting testimony of an expert witness for the plaintiff, and in its rulings on the parties competing motion for judgment on the evidence. The Court of Appeals rejected each of the School Corporation's appellate contentions except its claim of error in the giving of Final Instruction 22 ("Instruction 22"), on which issue the Court of Appeals reversed and remanded for a new trial. LaPorte Cmty. Sch. Corp. v. Rosales, 936 N.E.2d 281 (Ind. Ct. App. 2010). We granted transfer and agree that the giving of Instruction 22 requires reversal and remand for new trial on the issue of liability only. On all other issues, we summarily affirm the Court of Appeals. Ind. Appellate Rule 58(A)(2).

The School Corporation's appeal, reflecting its objection made at trial, challenged Instruction 22 principally on grounds that it "merely set forth a shortened version of [the plaintiff's] contentions" as the legal duties of the School Corporation and "invited the jury to find that [the School Corporation] was negligent" if it found a failure to meet any one of these alleged duties. Appellant's Br. at 21. The School Corporation argues that this allowed the jury to hold it liable without also finding that it acted negligently, that is, breached the standard of ordinary and reasonable care. In essence, the School Corporation argues that the jury was only required to find that the School Corporation failed to take certain actions but not required to determine whether such failures constituted negligence.

The plaintiff counters that Instruction 11 properly instructed the jury that negligence is the failure to exercise reasonable or ordinary care and that Instruction 22 informed the jury only as to the plaintiff's "allegations of negligence" and her "burden of proof." Appellee's Br. at 19. These enumerated allegations, the plaintiff argues, did not suggest to the jury that the plaintiff's allegations were duties owed by the School Corporation to the plaintiff. The plaintiff also notes that Instruction 22 was based on former Indiana Pattern Jury Instruction—Civil 9.03 (Indiana Judges Association, 2d ed. 2009) ("Pattern Instruction 9.03").[1]

---

[1]Pattern Instruction 9.03 stated in relevant part:
> The plaintiff has the burden of proving the following propositions by a preponderance of the evidence:
> > [*Here set forth the elements of the plaintiff's cause of action, tailored to reflect the particular factual disputes raised by the evidence.*]

2

These two instructions were stated by the trial court as follows:

Final Instruction 11

Negligence is a failure to do what a reasonably careful and prudent person would do under the same or similar circumstances or the doing of something that a reasonably careful or prudent person would not do under same or similar circumstances. In other words, negligence is the failure to exercise reasonable or ordinary care.

Final Instruction 22

Plaintiff has the burden of proving three elements by preponderance of the evidence.

First, that the Defendant *was negligent in any of the following ways*:

[A.] Failed to implement or monitor a system for the provision of health services and emergency care at Hailmann Elementary.
[B.] Failed to properly [sic] or train staff at Hailmann Elementary.
[C.] Failed to assemble a first aid team at Hailmann Elementary.
[D.] Failed to prepare for a foreseeable medical emergency at Hailmann Elementary. Or,
[E.] Failed to supervise those who had the responsibility to provide health services and emergency care at Hailmann Elementary.

Plaintiff need prove only one of these allegations above as negligence, not all of them.

Second. That the negligence of the Defendant was a proximate cause of the claimed injuries; and,

Third. That the Plaintiff suffered damages as a result of those injuries.

As I have stated, the Plaintiff must prove these propositions. The Defendant has no . . . burden of disproving them.

Tr. at 852, 856–57 (emphasis added); *see also* Appellee's Br. at 18; Appellant's App'x at

---

. . . .
As I have stated, the plaintiff must prove these propositions; the defendant has no burden of disproving them.
. . . .
Indiana Pattern Jury Instruction—Civil 9.03. Pattern Instruction 9.03 was recast in the 2010 Edition as Indiana Model Civil Jury Instructions, Instruction No. 507 (Indiana Judges Association, 2010). The most significant modification is replacing the phrase "by a preponderance of the evidence" with "by the greater weight of the evidence." *Compare* Indiana Pattern Jury Instruction—Civil 9.03 *with* Indiana Model Civil Jury Instruction No. 507.

3

94.

When a trial court's instruction to the jury is challenged as erroneous, we consider "whether the instruction (1) correctly states the law, (2) is supported by the evidence in the record, and (3) is covered in substance by other instructions." Wal-Mart Stores, Inc. v. Wright, 774 N.E.2d 891, 893 (Ind. 2002). If the instruction is challenged as an incorrect statement of the law, our review is *de novo*; we do not defer to the trial court's interpretation of the law. *Id.* at 893–94. The issue before us is not whether Instruction 22 is supported by the evidence but whether the instruction correctly states the law and was covered by other instructions.

Significantly, Instruction 22 is akin to a comprehensive instruction enumerating the elements of the cause of action on which the plaintiff must sustain her burden of proof in order to prevail. Pattern Instruction 9.03, after which it is modeled, identifies the instruction as addressing "Burden of Proof on the Issues," and its successor, Model Civil Jury Instruction No. 507, is titled "Elements; Burden of Proof." Ind. Pattern Jury Instruction—Civil 9.03; Ind. Model Civil Jury Instructions, Instruction No. 507 (Indiana Judges Association, 2010). It is generally understood that such "elements" instructions provide a jury with a roadmap to guide decision-making. *Cf.* State v. Ingram, 427 N.E.2d 444, 448 (Ind. 1981) (noting that "[a] mandatory instruction must set out all of the elements for recovery" and that "[i]f an essential element is omitted, the instruction is erroneous and cannot be cured by other instructions") (citing Davison v. Williams, 251 Ind. 448, 242 N.E.2d 101 (1968)); Taylor v. Fitzpatrick, 235 Ind. 238, 246–47, 132 N.E.2d 919, 923–24 (1956). The correctness and comprehensibility of an "elements" instruction is thus particularly vital to a jury's ability to understand and apply the law to the facts in each particular case. In contrast, Instruction 11 is not a comprehensive "elements" instruction but rather a supplemental, definitional instruction explaining to the jury what is meant by the term "negligence" as it pertains to this case.

The duty of care owed by school authorities to their students is a question we have addressed many times. It is well established that school personnel owe the students under their supervision a duty of ordinary and reasonable care. Miller v. Griesel, 261 Ind. 604, 612, 308 N.E.2d 701, 706 (1974) (holding that "the common law of [Indiana] recognizes a duty on the part

4

of school personnel to exercise ordinary and reasonable care for the safety of the children under this authority"); *accord* <u>Mangold ex rel. Mangold v. Ind. Dept. of Natural Res.</u>, 756 N.E.2d 970, 974 (Ind. 2001); <u>Beckett v. Clinton Prairie Sch. Corp.</u>, 504 N.E.2d 552, 553 (Ind. 1987); <u>Norman v. Turkey Run Cmty. Sch. Corp.</u>, 274 Ind. 310, 315, 411 N.E.2d 614, 616 (1980). Both parties acknowledge that this is the appropriate standard of care to be applied in this case. Appellant's Br. at 15; Appellee's Br. at 19. They disagree, however, that the jury instructions clearly and correctly conveyed this standard of care. Appellant's Br. at 19; Appellee's Br. at 19.

Our reading of the language of the instruction aligns with that of the School Corporation. While Instruction 22 may have been intended to explain to the jury that the plaintiff had the burden of proving the elements of negligence, proximate cause, and damages, the language and phrasing of the instruction permitted the jury to infer that the factual allegations set forth in subparts A–E should be understood as factual circumstances identified by the court, based on the facts of the case, that *automatically* constitute negligence if proven by a preponderance of the evidence. Such an interpretation effectively creates new duties not recognized by the common law in Indiana. Yet, with respect to negligence, a public elementary school has only one duty at common law—the duty to exercise ordinary and reasonable care. <u>Miller</u>, 261 Ind. at 612, 308 N.E.2d at 706. Even if the plaintiff's interpretation—that Instruction 22 set forth only the plaintiff's allegations of negligence and the parties' burdens of proof—is considered a reasonable alternative reading, the existence of competing interpretations renders the instruction ambiguous and confusing, and therefore erroneous.

The plaintiff defends Instruction 22 by noting that it is based on Pattern Instruction 9.03, but the problematic language included in Instruction 22 is not used in Pattern Instruction 9.03; rather it consists of content inserted in place of the bracketed portion of Pattern Instruction 9.03, which does not prescribe any particular language. This bracketed portion is left to the discretion of the trial court for tailoring to the facts of a particular case. *See* Indiana Pattern Jury Instruction—Civil 9.03.

We conclude that the language of Final Instruction No. 22 could have reasonably been interpreted and applied by the jury in a way that substantially misstated the plaintiff's burden of

5

proof with respect to establishing negligence on the part of the School Corporation.

An instruction error, however, does not necessarily require reversal and a new trial. Appellate Rule 66(A) makes clear that an error in the trial court does not warrant reversal on appeal "where its probable impact, in light of all the evidence in the case, is sufficiently minor so as not to affect the substantial rights of the parties." Ind. App. R. 66(A). Applying this rule in the context of erroneous jury instructions, we presume that such an instruction "influenced the verdict and will reverse unless the verdict would have been the same under a proper instruction." Wal-Mart Stores, Inc., 774 N.E.2d at 895 (citing Vergara v. Doan, 593 N.E.2d 185, 187 (Ind. 1992) and Canfield v. Sandock, 563 N.E.2d 1279, 1282 (Ind. 1990)).

In this case, however, we are unable to conclude that the jury's verdict would have been the same if Instruction 22 had unambiguously and correctly stated the law. Instruction 22's lack of clarity as to the appropriate standard of care invited the jury to conclude that the School Corporation's omissions alleged by the plaintiff in subparts A–E must be considered negligence as a matter of law. Deciding the case in accord with such an instruction, the jury could have found the School Corporation liable for these omissions without determining whether such conduct constituted a breach of the standard of ordinary and reasonable care. An instruction that leaves the jury in doubt as to the law on a material issue of the case is reversible error.[2] Metro. Life Ins. Co. v. Alterovitz, 214 Ind. 186, 205, 14 N.E.2d 570, 578 (1938) (holding that the trial court committed reversible error by giving multiple instructions that articulated "two conflicting theories" of the law that "directly opposed" one another where two of the instructions incorrectly stated the law).

The plaintiff contends that any potential error in Instruction 22 is obviated when it is read together with Instruction 11, which correctly instructed the jury on the definition of negligence. In reviewing a claim of error in jury instructions, an appellate court considers the effect of an erroneous instruction in light of the jury instructions as a whole. Clay City Consol. Sch. Corp. v. Timberman, 918 N.E.2d 292, 300 (Ind. 2009) (citing Huey v. Milligan, 242 Ind. 93, 175 N.E.2d

---

[2] This would likely be a different case if Instruction 22 was simply an incomplete statement of the law. *See, e.g.*, Carter v. State, 766 N.E.2d 377, 382–83 (Ind. 2002). In such instance, a separate *complementary* instruction might cure the deficiency. *See id.*

698, 705 (1961)); <u>Edgecomb v. State</u>, 673 N.E.2d 1185, 1196 (Ind. 1996) (citing <u>Daniel v. State</u>, 582 N.E.2d 364 (Ind. 1991)). However, the misleading and ambiguous nature of Instruction 22, a comprehensive "elements" instruction, could not have been rectified by Instruction 11's correct definition of negligence. For, even when read together, the two instructions would still permit a jury to erroneously conclude that the trial court had determined that each of the alleged omissions of the School Corporation enumerated in Instruction 22 satisfied the definition of "negligence" as provided in Instruction 11 and thus, if proven, would automatically entitle the plaintiff to prevail. As noted in footnote 2, this is not a case where the challenged instruction is merely an incomplete statement of the law. Instead, Instruction 22 presented the jury with an ambiguous statement that permitted two contradictory interpretations, one correct and one erroneous. Such ambiguity was not resolved by Instruction 11's general statement of the standard of care in the face of Instruction 22's incorporation of the specific facts of the case.

Noting defense counsel's remarks during closing argument, the dissent believes that it is unlikely that the jury was misled. The role of a party's lawyer, however, is that of an advocate, not a law-giver. Informing the jury as to the applicable law is the function of the court. Ind. Trial Rule 51(B). The jury in this case was instructed that the judge is the source of the applicable law.[3] The jury was also advised that the role of the attorneys is limited to that of partisan advocates:

> When the evidence is completed, the attorneys will make final arguments. These final arguments are not evidence, but are to—but are given to help you to—in evaluating the evidence. The attorneys are also permitted to argue, to characterize the evidence and to attempt to persuade to a particular verdict. *You may accept or reject those arguments as you see fit.*

---

[3] The final instructions given by the trial judge repeatedly instructed the jury that the *judge* would provide the applicable law: "Ladies and gentlemen, members of the jury, . . . I'm now going to tell you the laws that apply to this case." Tr. at 847. "[Y]ou must listen to the laws that I am now telling you, and follow them in order to reach your verdict." *Id.* at 848. "In deciding this case, you may determine the facts from a consideration of all the evidence *in light of the law as contained in these instructions*." *Id.* (emphasis added). The current revision of the Indiana Model Civil Jury Instructions, issued after the date of trial in the present case, employ the following articulation: "Judges and jurors perform different tasks. I will instruct you on the law, both now and after all the evidence has been presented. You will decide the facts in this case. Then you will decide the outcome of this case by applying my instructions to the facts." Ind. Model Civil Jury Instructions, Instruction No. 105.

Tr. at 34 (emphasis added).[4]  Thus, whether the closing argument of one of the lawyers may have been an attempt to clarify an instruction ambiguity, the jury would properly have received such statements as advocacy on behalf of the lawyer's client.  Such closing arguments of counsel cannot provide us with any assurance that the jury understood the lawyer's statements to clarify, supersede, or countermand the instructions given by the trial judge.

Because we are unable to conclude that the jury's verdict would have been the same under a proper instruction, the jury's verdict must be reversed and the case remanded for new trial.  *See* Wal-Mart Stores, Inc., 774 N.E.2d at 895; Canfield, 563 N.E.2d at 1282.

As to the appropriate scope of a new trial, the plaintiff contends that Appellate Rule 66(D) limits our granting of a new trial to the issue of liability only.  She urges that, because the alleged error in Instruction 22 relates only to liability, it could not have affected the jury's assessment of damages.  The School Corporation argues that a new trial should be granted on both liability and damages because any error in the determination of liability could have affected the magnitude of the jury's damage award.

Appellate Rule 66(D) limits a new trial "to those parties and issues affected by the error unless this would be impracticable or unfair."  Ind. App. R. 66(D).  Here, the error created by Instruction 22 related only to the issue of liability.  The jury's evaluation of the plaintiff's damages was a determination independent of its assessment of liability, and neither fairness nor sound judicial administration requires a jury redetermination of damages.

### Conclusion

The judgment of the trial court is reversed and this cause is remanded for a new trial only on the issue of liability.  In the event liability is determined against the School Corporation, the prior judgment relating to damages shall be given effect.

---

[4] An almost identical directive is contained in Instruction 123 of the current version of the Indiana Model Civil Jury Instructions.  *See* Ind. Model Civil Jury Instructions, Instruction No. 123.

8

Shepard, C.J., and Rucker and David, JJ., concur.

Sullivan, J., dissents with separate opinion.

**Sullivan, Justice, dissenting.**

I respectfully dissent from the Court's reversal of the jury's decision in this case.

The Court reverses on grounds that Instruction 22 misled the jury as to the appropriate standard of care required to prove negligence. The plaintiff acknowledges that Instruction 22 did not specifically set forth the required standard but argues that this was not Instruction 22's purpose; rather, its purpose was only to set forth the plaintiff's "allegations of negligence" as contemplated by the pattern jury instructions promulgated by the Indiana Judges Association. Instruction 11, plaintiff argues, laid out the required standard by explaining that negligence is the failure to exercise reasonable or ordinary care.

It is well settled that "[j]ury instructions are to be considered as a whole and in reference to each other." Clay City Consol. Sch. Corp. v. Timberman, 918 N.E.2d 292, 300 (Ind. 2009) (citing Huey v. Milligan, 242 Ind. 93, 107, 175 N.E.2d 698, 705 (1961)). And the trial court told the jury precisely that: "All the law in the case is not embodied in any single instruction. . . . [Y]ou must consider all these instructions as a whole and construe them in harmony with each other." Tr. 848. A little while later, the judge repeated: "[Y]ou must consider all of the instructions together, as a package, and you must not ignore any instructions, or any part of any instruction." Tr. 849.

As our Court has said, "even if there is an error in a particular instruction, it does not require reversal unless the jury is misled as to the law in the case." Timberman, 918 N.E.2d at 300 (citing Huey, 242 Ind. at 107, 175 N.E.2d at 705). I see no basis for finding that the jury was misled here. Instruction 11 corrected any error in Instruction 22 such that the jury could not have been misled as to the law.

Furthermore, the record indicates that while defendant did object on the record to Instruction 22 as given, the trial judge was sensitive to defendant's concerns over the instruction and had modified the language plaintiff originally tendered over plaintiff's protests. Tr. 718-28; 743-44; 759-61. Although in the end defendant objected to Instruction 22 even as modified, the

judge worked hard to try to make sure that the jury was not misled on the precise point at issue in this appeal. I think the Court is wrong to second-guess him.

Finally, the Court says that "the language and phrasing of [Instruction 22] permitted the jury to infer that the factual allegations set forth in subparts A-E should be understood as factual circumstances . . . that <u>automatically</u> constitute negligence . . . . Yet, with respect to negligence, a public elementary school has only one duty at common law – the duty to exercise ordinary and reasonable care." Slip op. at 5 (emphasis in original) (citation omitted). Compare this language to the way defense counsel described Instruction 22 to the jury: "[Plaintiffs] allege (a), (b), (c), (d), and [e], but you won't be instructed . . . that[ ] the Defendant had to do any of those things. It's ordinary and reasonable care. It's a standard of ordinary and reasonable care." Tr. 824. That is, defense counsel understood the instruction they now challenge on appeal (which, to re-peat, had been modified by the trial judge from that tendered by plaintiff's counsel) to have set forth the correct standard of care and told the jury so. If defense counsel thought the instruction set forth the appropriate standard of care, it seems unlikely to me that the jury was misled by it.

Because the Court fails to follow our long-standing rule that instructions are to be read as a whole – a rule that the trial court here conveyed to the jury not once but twice – and because there are a number of reasons to conclude that any ambiguity in Instruction 22 did not mislead the jury, I respectfully dissent.

2